EMMETT AYRES V. THE CITY OF DALLAS.

*No. 246. Decided March 10.*

1. **Variety Theater, Selling Liquor in — City Charter and Ordinances.**—Where the charter of the city of D. authorized the city council " to locate and regulate variety theaters." and also " to prevent the sale. bartering, or giving away of any intoxicating liquor in a variety theater, or any place where theatrical representations are given, and to prevent said liquor from being brought into said places under any pretext whatever;" and in pursuance of said charter. an ordinance was adopted " regulating variety theaters and prohibiting the sale, etc., of spirituous. vinous, or malt liquors in variety theaters or places where theatrical or other exhibitions are given," and denouncing a penalty for the same: *Held,* that the charter and ordinance are valid, and that the authority to adopt the ordinance was unquestionably conferred by the charter.

2. **Same—Authority to " Regulate."**—The authority conferred by a city charter to regulate variety theaters necessarily involves the right to prescribe and enforce the reasonable conditions and limitations under which they may be conducted in the city.

3. **Same — Providing Punishment for Offenses not Known to the Penal Law of the State — Police Regulation.**—Where it was objected to a city ordinance which punished the sale of liquor in variety theaters,

that it makes an act an offense which is not defined by the Penal Code, held. the object of the power conferred by the charter, and the purpose of the ordinance, was not to punish an offense against the criminal law, but to provide a police regulation for the enforcement of peace and good order within the municipal corporation; and that in the preservation of life, health, good order, and public morals, municipal ordinances may prohibit and punish many acts not unlawful in themselves, nor made so by the Penal Code.

APPEAL from the City Court of the city of Dallas. Tried below before Hon. KENNETH FOREE, Judge City Court.

This appeal is from a conviction in the City Court of the city of Dallas, for a violation of a city ordinance with reference to the sale of liquors in a variety theater, the punishment being assessed at a fine of $20.

The affidavit charges, that appellant, in the city of Dallas, on the 26th day of September, 1893, was an employe of one J. D. Andrews, the said Andrews being then and there the proprietor of a variety theater, theatrical exhibition, and dramatic representation then and there situated, where females were permitted to attend; and he, the said Emmett Ayers, did unlawfully sell, barter, and give away malt liquors, to-wit, beer, to James Davenport and William Gleeve in the room where said variety theater, theatrical exhibition, and dramatic representation was then and there conducted, contrary to ordinances in such cases made and provided.

On September 11, 1893, "An ordinance regulating variety theaters, and prohibiting the sale, bartering, or giving away of spirituous, vinous, or malt liquors, or intoxicating liquors of any kind, in variety theaters or places where theatrical or other exhibitions are given," was approved by the mayor of the city of Dallas, said ordinance having been passed by the city council of said city on September 7, 1893.

The ordinance is as follows:

"Section 1. Be it ordained by the city council of the city of Dallas, that it shall be unlawful for any proprietor, lessee, or manager of any variety theater or theatrical exhibition or dramatic representation of whatsoever character, in the city of Dallas, where female actors or performers or employes are employed or permitted to be in any way connected therewith, or where females are permitted to attend, to sell, barter, or give away any spirituous, vinous, or malt liquors, or intoxicating liquors of any kind whatsoever, within the room or place where such theater or exhibition or representation may be conducted, or used in connection with such room or place; and all rooms, buildings, or apartments of any kind inside of the room where such exhibition or representations are given, or being a part of it, or attached or connected therewith by any door, doors, dumb waiter, or opening of any kind, shall be held to be within the place inhibited by this section.

"Section 2. It shall hereafter be unlawful for any person connected

with any theater or exhibition of the character mentioned in section 1 of this ordinance, to sell, barter, or give away any spirituous, vinous, or malt liquors, or intoxicating liquor of any kind, within such theater or exhibition, or in any room or place connected therewith, as mentioned in the preceding section.

" Section 3. Any person violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than $10 nor more than $200; and each violation shall be deemed a separate offense."

Section 4 provides against the provisions of the above sections applying to beer gardens to which the public is admitted without charge, etc., and against it applying to entertainments given at private residences. Section 5 provides for the revocation of the license to sell liquor at the places mentioned in section 1, and requires the holder to surrender the license; and city to refund the proper amount, in ratio with the unexpired time of such license, etc. Section 6 repeals all ordinances in conflict with this ordinance.

The motion in arrest of judgment attacks the validity of the ordinance, and contends that said ordinance is invalid and confers no authority whereby appellant could be legally tried and convicted for the acts and conduct therein sought to be punished.

*Stillwell H. Russell,* for appellant— 1. The ordinance seeks to make penal acts and conduct that are not in contravention of the laws of the State of Texas, and which are not denounced by the laws of Texas as a crime or an offense.

2. It does not prohibit the sale, etc., of liquors in the places mentioned in section 1, unless females are employed therein or are permitted to attend the same; and in such case, no matter how chaste may be the character and conduct, or how free from lasciviousness or lewdness the behavior and deportment of such females who are employed or who may attend as auditors.

3. It does not contain any of the elements that constitute an offense or crime that are defined and denounced by law.

4. It attempts to make acts, in themselves legal and innocent, illegal and criminal, and in this goes beyond the power of the city council.

5. That section 107 of the city charter, under which the ordinance is supposed to be enacted, is in contravention of public policy and of the laws of Texas. Again, if section 107 of the charter is a legal grant, the ordinance is ultra vires of said section, and for this reason is void.

6. The laws of Texas do not define variety theaters, and this ordinance making penal the act of selling liquors, etc., where females are employed, is vague, indefinite, and charges no offense. And failing to define what character of theatrical exhibitions or dramatic representations

should be had, and females forbidden to be employed therein or attend, the same is vague and indefinite, and does not define an offense whereby a conviction can be legally sustained in the doing of the acts, etc., aimed at in said ordinance.

7. It evades the law of the State of Texas in fixing the minimum penalty at $10.

8. It is void because it is class legislation, and invades and destroys the legitimate right of men and women to be employed and receive compensation therefor, when in the discharge of such employment their act and conduct is not in contravention of the laws of the State.

9. It is also class legislation in section 4 thereof, in making a distinction in favor of beer gardens, wherein females are permitted to be employed and attend and liquor is permitted to be sold. It does not denounce in this section or forbid acts and conduct that are punishable by the laws of the State and which are in violation of the same. Said section is a license in contravention of law to all acts and doings if committed in what is commonly known as beer gardens.

10. The ordinance is in contravention of law, because it permits the sale of liquors in all such places named in sections 1, 2, and 4, without obtaining license therefor, provided said sales are made in the absence of female employes or auditors.

All ordinances enacted by municipal authority wherein it is sought to define and make acts a crime, are void unless in harmony with the laws of the State of Texas.

We submit that our motion in arrest of judgment should have been sustained. The opinion of this court in Ex Parte Bell, from Harris County, says that the laws and ordinances of a city must be in harmony with the laws of the State. From this we understand, that where the law of the State defines and prescribes what are offenses, the city has no legal right to entrench upon this by an attempt to enlarge the definition of that which is prescribed by the State as an offense.

The ordinance in question seeks to do this very thing. It goes beyond the law enacted by the Legislature on this subject, and seeks to make penal acts and doings not embraced in the statute. The ordinance is an evasion of the law clearly defined, and in every sense includes the acts prescribed as an offense. We look in vain to articles 339, 341, and 341a for authority that would authorize the city to pass the ordinance in question.

In article 339, a theater or play house in which spirituous, vinous, and malt liquors are kept for sale. is an offense if prostitutes, lewd women, or women of bad reputation for chastity are employed, kept in service, or permitted to display or conduct themselves in a lewd, lascivious, or indecent manner. And ipso facto, it is an offense denounced as a disorderly house, independent of the provisions contained in the other

articles.    It is an offense if such character of women are there employed or permitted to display themselves in an indecent way.

Article 341a makes it an offense for the owner, manager, etc., of any such theater or play house where liquors are kept for sale to knowingly employ or have in his service the character of women mentioned above, or who shall permit women of such character to display or conduct themselves in a lewd or indecent manner.    Article 339 has two classes of disorderly houses, to-wit, the one mentioned in article 341, and to which a punishment of $200 is affixed; and the other, mentioned in article 341a, reaching the lessee or manager of the theater, etc., and prescribes the punishment by fine of not less than $100 nor more than $500.

The ordinance in question makes a theater and play house in which liquor is sold, if there is a female actor or employe there, or if females are permitted to attend it, a disorderly house (not eo nomine, but this is the purpose of the ordinance), and affixes the penalty at not less than $10 and not more than $200.    So it will be seen that it not only differs in the definition of what constitutes the offense, but differs in the penalty prescribed.

The affidavit states, that as employe of a proprietor of a variety theater, etc., where females were permitted to attend, accused did sell beer to persons named therein in the room where the theatrical exhibition, etc., was being conducted.    The vice in the ordinance and affidavit, in this particular, is, that no matter how pure and chaste both the character and conduct of the females who attend the exhibitions, or who may be employed in the exhibition or representation, or no matter how free from all lewdness and lasciviousness the exhibition or representation itself may be, a crime is committed, and a crime unknown to the laws of the State.    Under the affidavit, if a female simply attended the theater, and at that particular time a glass of beer was sold to a man by the appellant as employe, he committed a crime.    The affidavit does not charge that he sold it in a place where females were employed.

*A. P. Wozencraft* and *T. A. Work,* for the City of Dallas.—Section 107 of the city charter of the city of Dallas, granted to it by an act of the Legislature of the State of Texas, approved March 13, 1889, provides, among the powers of the city council:    "To prevent the sale, bartering, or giving away of any intoxicating liquors in any house or place where any theatrical or dramatic representations are given, and prevent the same from being brought in or to such places under any pretext whatever. All rooms, buildings, or apartments of any kind inside of the room where such representations are given, or being a part of it, or adjoining or connected therewith by any door or doors, dumb waiter, or opening of any kind, shall be held to be within the places inhibited by this section."

It will be seen by reference to the ordinance approved September 11,

1893, under which this prosecution was brought, that the ordinance is in the terms of the charter; and therefore if the charter provision is valid, constitutional, and binding, the council acted under and within its expressed powers.

It is submitted, that if there is no prohibition in the Constitution of the United States or that of the State of Texas against such regulation, the Legislature of the State of Texas has the right to delegate such power to the city.

The charter was granted under section 5, article 11, of the State Constitution, and there can be found in said Constitution no valid reason for holding the charter provision unconstitutional; and it is submitted that if none exists there, the courts can not so hold it. It is further submitted, that the courts can not look to any fancied reason, based on ideas of the justice or right or unreasonableness of the act, to declare the act unconstitutional; nor will they so declare it, if it is not clearly contrary to some provision of the United States Constitution or that of the State. Cool. on Const. Lim., 200, et seq.

The Supreme Court, in the Western Electrical Company v. The City of Dallas, 83 Texas, page 245, has declared, that " it is the purpose of the Constitution that the grant of power of the charter of a city having more than ten thousand inhabitants shall be complete, without reference to any other law, notwithstanding it would be easy to provide for the exercise of the greater number of privileges granted to such cities by a State law applicable to all of them."

It is submitted that this ordinance is a police regulation, and as such is necessary to the order and good government of the city, and does not require as clear a grant of power as it otherwise would; and it does not come within the inhibition against class legislation, and therefore could not be classed as such.

" Where the Legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and definite character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed in pursuance thereto can not be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation or under a grant of powers in its charter. In other words, what the Legislature distinctly says may be done can not be set aside by the courts because they deem it unreasonable or against sound policy." Dill. on Mun. Corp., 4 ed., sec. 328. Therefore appellee submits, that unless the ordinance under which this conviction is had is clearly contrary to such constitutional provision, the court can not set it aside as unconstitutional, because, forsooth, it may not be in exact compliance with reason or sound policy. " Courts will not hold an authorized ordinance void because it prohibits what otherwise might lawfully be done." Dill. on Mun. Corp., 4 ed., sec. 326.

It will be seen that there is no attempt to prohibit variety or other theaters from plying their lawful business, but simply to prohibit the sale of intoxicating liquors therein; and it is submitted that it would have the power to prohibit the variety theater itself if the city had the express power to define it; but under section 195 of the Dallas city charter, of March 13, 1889, it has only the power "to locate and regulate variety theaters." This ordinance is a simple regulation of all such places, and is operative alike on them all within the limits of the city's jurisdiction, and is therefore not open to the objection that it is not uniform.

Appellee apprehends that it is not necessary to quote any authorities in support of this proposition. Section 160 of said charter provides, "that the city council shall have full power and authority to pass all ordinances, etc., not contrary to the State Constitution, that may be necessary to the order and good government of said city." It is submitted that for the purpose of police regulation this grant of power is sufficient to support this ordinance without any other grant. It will be seen that this ordinance is free from all the objections raised against the ordinance approved June 29, 1893, under which the proceedings in Ex Parte J. D. Andrews, before the Hon. J. M. HURT, Presiding Judge, in July, 1893, were had; section 5 providing for the refunding of the pro rata part of the license fee for the unexpired time, and the provision of the former ordinance prohibiting the actresses mingling with the spectators being omitted, and private residences and open air entertainments being expressly excepted from the operation of the ordinance. It is further submitted, that if the city can not thus regulate variety theaters and other exhibitions, that they can become the greatest menace to the order and good government of a city imaginable, becoming the lying-in hospital for all the vagrants, vagabonds, and prostitutes of the city, the rendezvous for thieves and thugs, and furnishing a complete curriculum for the education of our youths in vice and crime; and in fact will give carte blanche to the full sway of unrestrained dissipations and libertinism.

SIMKINS, JUDGE.—Appellant was convicted of unlawfully selling beer in the variety theater of one Andrews, in the city of Dallas, he, appellant, being then and there an employe of said Andrews; and he was find in the sum of $20, from which he appeals.

It is admitted that the material allegations in the complaint are true; but it is insisted that the ordinance on which the conviction is based is illegal and void, because it makes penal acts and conduct not made such by the Penal Code of Texas, and that the city council has exceeded its power in passing such an ordinance. Not only under section 195 of the charter of the city of Dallas, approved March 13, 1889, is the city council authorized "to locate and regulate variety theaters," but under

section 107 of the same charter express authority is conferred by the Legislature upon the city council " to prevent the sale, bartering, or giving away of any intoxicating liquor in a variety theater, or any place where theatrical representations are given, and to prevent the said liquor from being brought into said places under any pretext whatever." In pursuance of this authority, the city council passed an ordinance, approved September 11, 1893, for the purpose of " regulating variety theaters, and prohibiting the sale, etc., of spirituous, vinous, or malt liquors in variety theaters or places where theatrical or other exhibitions are given." This ordinance declares it to be unlawful for any proprietor, manager, or lessee of, or any person connected with, a variety theater or dramatic representation in which females are employed in any capacity, or are permitted to attend, to give away or sell intoxicating liquor, under a penalty of not less than $10 nor more than $200. The ordinance is further declared to have no application to entertainments at private residences, nor to beer gardens to which the public are admitted without charge.

We think there is no question that there is full authority for passing the ordinance in question. The right to *regulate* necessarily involves the right to prescribe and enforce the reasonable conditions and limitations under which variety theaters or dramatic representations may be conducted in the city of Dallas. The object of the power conferred by the charter and the purpose of the ordinance itself was not to punish an offense against the criminal law of the State, but to provide a police regulation for the enforcement of good order and peace within the limits of the municipal corporation. It is not a valid objection that the ordinance makes that act an offense which is not defined in the Penal Code of the State. In the preservation of the life, health, good order, and public morals, many acts not unlawful in themselves, or not defined nor punished by the Penal Code, may be prohibited by the ordinances, because, in the judgment and discretion of the corporate authorities, they are injurious to the general welfare of the city.

Ex Parte Bell, ante 308, has no application. There relator was charged with keeping a variety house, under an ordinance void for indefiniteness; and we further held, that if the variety theater was not a disorderly house, it could not be prohibited; but under whatever name the business was carried on, if it contained the elements of a disorderly house, it could be suppressed. In the case at bar the ordinance seeks to prevent the sale of liquor at public theaters in Dallas, and the authority to do so is expressly given by the charter.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.