J. H. JACKSON, CITY JUDGE, v. JAMES W. SWAYNE, COUNTY ATTORNEY.

No. 700. Decided November 10, 1898.

1.  City Courts—Offenses Against State—Prosecution—County Attorney—
        Mandamus.

Where a city had adopted ordinances punishing acts which also constituted offenses against the penal laws of the State, and providing for their prosecution in the name of the city and in its courts, the county attorney was not entitled to mandamus to compel the city judge to permit him to prosecute all such cases in the city court and to file and prosecute complaints therein in the name of the State against persons charged with such offenses in the name of the city and under its ordinances. (Pp. 244-246.)

2.  Same.

If the ordinances in question were void, no prosecution in which the county at-

torney was authorized to appear was begun by the filing of charges under them; if they were valid, the duty of prosecuting was imposed by them on the city attorney; and if the city court had jurisdiction to try prosecutions for such offenses in the name of the State, it was not exclusive, and the county attorney, having an adequate remedy for any wrong done him, by resorting to the justice or county court to prosecute, was not entitled to mandamus. (P. 246.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Swayne, county attorney, sued for and obtained a writ of mandamus against Jackson, city judge, who appealed, and on affirmance of the judgment obtained writ of error.

*Wm. D. Williams,* for plaintiff in error.—The ordinances complained of by appellee were duly adopted by the city council of the city of Fort Worth, pursuant to express legislative authority, and did not in any way conflict with the Constitution or laws of the State of Texas; and said ordinances were and are valid, and it so appeared both upon the face of appellee's petition for mandamus and under the facts adduced in evidence. Wherefore it was reversible error for the court to overrule appellant's demurrers and upon final hearing to render judgment against defendant.

That it was intended by the Legislature that the same act or omission might be an offense against a State penal statute and also against a city ordinance, see article 931, Code Criminal Procedure of 1895.

That cities may lawfully enact ordinances upon subjects included in general penal statutes, see Hamilton v. State, 3 Texas Civ. App., 643; Ex Parte Oliver, 3 Texas Civ. App., 345; Ex Parte Boland, 11 Texas, Civ. App., 159; Ex Parte Wilson, 14 Texas Civ. App., 592; Abram v. State, 28 S. W. Rep., 818. Alabama: Mobile v. Rouse, 8 Ala., 515; Mayor v. Allaire, 14 Ala., 400. Colorado: Deitz v. Central, 1 Colo., 323; Huffsmith v. People, 8 Colo., 175; Hughes v. People, 8 Colo., 536; McInerney v. Denver, 29 Pac. Rep., 516. Connecticut: State v. Flint, 28 Atl. Rep., 28. Dakota: Elk Point v. Vaughn, 1 Dak., 113. Florida: Theisen v. McDavid, 26 Law. Rep. Ann., 234. Georgia: McRea v. Americus, 59 Ga., 168. Illinois: Wragg v. Penn, 94 Ill., 11; Berry v. People, 36 Ill., 423. Indiana: Waldo v. Wallace, 12 Ind., 582; Williams v. Warsaw, 60 Ind., 457. Iowa: Bloomfield v. Trimble, 54 Iowa, 399. Kansas: Rice v. Kansas, 3 Kan., 141; State v. Young, 17 Kan., 414; In re Jahn, 4 Pac. Rep., 956. Kentucky: March v. Com., 12 B. Mon., 25. Louisiana: State v. Fourcade, 13 So. Rep., 187; Monroe v. Hardy, 15 So. Rep., 696. Maryland: Shaffer v. Mumma, 17 Md., 33. Massachusetts: Com. v. Goodnow, 117 Mass., 114. Michigan: Wayne v. Detroit, 17 Mich., 399; People v. Lead Works, 46 N. W. Rep., 735. Minnesota: State v. Crummey, 17 Minn., 72; State v. Lee, 27 Minn., 455. Missouri: State v. Gordon, 60 Mo., 383; State v. Clarke, 54 Mo., 17; St. Louis v. Cafferata, 24 Mo., 94. Nebraska: Brownville v. Cook,

4 Neb., 101.  New York:  People v. Stevens, 13 Wend., 341.  Ohio: Wightman v. State, 10 Ohio, 453.  Oregon:  State v. Sly, 4 Ore., 277; State v. Bergman, 6 Ore., 341.  South Carolina:  Heise v. Columbia, 6 Rich., 404; State v. Williams, 11 S. C.., 288.  Tennessee:  Greenwood v. State, 6 Baxt., 567; State v. Shelby, 16 Lea, 240.  Utah:  Ex Parte Douglass, 1 Utah, 108.  United States Supreme Court:  Moore v. People, 14 How., 13; Cross v. N. Car., 132 U. S., 131.

It is not a part of appellee's duty, nor is it within his right as county attorney to prosecute complaints filed in the name of the city of Fort Worth charging penal violations of the ordinances of said city, nor does the invalidity of such ordinances, if they are invalid, or the fact that the acts and omissions charged as violations of such ordinances are forbidden by and punishable under State penal statutes, make it the county attorney's duty or give him the right to prosecute a complaint under a void ordinance.  Since it is neither plaintiff's duty nor his right to prosecute cases arising upon complaints charging violations of city ordinances, his petition asking that defendant be compelled to admit him to control and manage such prosecutions shows no cause of action against the defendant, and it was error in the trial court to overrule defendant's general demurrer, and it was error in said trial court to render judgment giving appellee the control of prosecutions for violations of ordinances of the city of Fort Worth, and even though said ordinances are void, the judgment appealed from is none the less erroneous.  Const. 1876, art. 5, sec. 21; amended charter, city of Fort Worth, sec. 37.

The object of appellee's suit as disclosed by his petition, and the effect of the judgment rendered in the lower court, was and is to preclude and prevent appellant as judge of the Fort Worth city court from trying and rendering final judgment in cases founded on complaints charging acts as violations of city ordinances, and such an object and purpose can not lawfully be effected by mandamus.  Ewing v. Cohen, 63 Texas, 482; Schintz v. Morris, 35 S. W. Rep., 521.

*Jas. W. Swayne*, defendant in error, in pro. per.—There is no error in respect to the matters assigned, because under article 5, section 12, of the Constitution, "all prosecutions shall be carried on in the name and by the authority of the State of Texas, and shall conclude against the peace and dignity of the State," and under article 5, section 21, of the same, it is the organic law that "the county attorneys shall represent the State in all cases in the district and inferior courts in their respective counties."  Const., art. 5, secs. 12, 21; Harris County v. Stewart, 41 S. W. Rep., 650-655.

BROWN, ASSOCIATE JUSTICE.—James W. Swayne was and is the duly elected and qualified county attorney of Tarrant County, there being no district attorney in the judicial districts embraced in said county.  J. H. Jackson was and is the duly qualified judge of the city court of the city of Fort Worth, a municipal corporation in Tarrant

County, chartered by special act of the Legislature of the State of Texas, and William D. Williams was and is city attorney of the said city.

The city council of the city of Fort Worth passed in due and proper form ordinances which declared certain acts to be offenses against such ordinances and liable to punishment as prescribed therein, which acts were also made penal and liable to punishment by the penal laws of the State of Texas. At divers times before the institution of this suit, complaints had been made and filed in the city court before Judge Jackson, charging the defendants with certain acts in violation of the ordinances of the city, the prosecution being conducted in the name of the city of Fort Worth, and the acts therein charged were likewise made penal offenses and subject to punishment by the penal laws of the State. The county attorney, Mr. Swayne, or his deputy, appeared in the city court from day to day and demanded the right to prosecute all cases which were presented in the said court by affidavit or complaint, charging the defendant with acts which constitute an offense against the laws of the State of Texas, whether the complaint be made in the name of the State or in the name of the city of Fort Worth, and at the same time said county attorney or his deputy offered to file in each one of the cases in the name of the State of Texas a complaint charging the defendant with the same acts as violations of the laws of the State. Judge Jackson refused to permit the county attorney to prosecute in those cases in which the complaint had been filed in the name of the city of Fort Worth charging a violation of the ordinances of the said city, and refused to permit the county attorney to file complaints in the name of the State of Texas against such persons, charging them with the same acts as a violation of the laws of the State when such persons already stood charged in his court by complaint, upon the same facts, with a violation of the ordinances of the city. The city judge did not refuse to permit the county attorney to prosecute by complaint in the name of the State in the city court any person who was charged to be guilty of a violation of the laws of the State and against whom no charge previously had been filed in his court under the ordinances of the city and in the name of the city.

The county attorney filed this suit, seeking a mandamus against the judge of the city court of the city of Fort Worth to compel him to permit the plaintiff, as county attorney, to prosecute all cases in his court in which the defendants stood charged with acts which constituted an offense under the laws of the State, and to compel the city judge to permit him, the said county attorney, to file complaints and prosecute persons charged with such offenses in his court although a prosecution might be at the time pending for the same acts in the name of the city of Fort Worth, under a charge of violating the ordinances of said city. The district judge granted the writ as prayed for, and entered judgment that the writ of mandamus issue, which judgment was by the Court of Civil Appeals affirmed.

The defendant in error contends for the affirmance of the judgment herein for the following reasons: (1) Under article 5, section 12, of the Constitution of the State, all prosecutions are required to be conducted in the name of the State of Texas, and the ordinances of the city of Fort Worth which authorize and require prosecution in the name !of the city, of acts which are in violation of the laws of the State, are void; (2) that the city of Fort Worth had no authority to enact ordinances which declared acts committed within the limits of the city to be offenses against the municipal ordinances when such acts constitute offenses under the penal laws of the State of Texas, and all such ordinances are void; (3) the city court of the city of Fort Worth was created prior to the adoption of the amendment to the Constitution which empowered the Legislature to create such courts, and the law creating it is void; (4) that under article 5, section 21, of the Constitution of the State of Texas, it was the duty of the county attorney to represent the State of Texas in all cases in the district and inferior courts of that county.

If the ordinances of the city of Fort Worth which declared the acts complained of to be offenses against the city and authorized prosecution in the name of the city were void, then no prosecution in law was begun when such charges were filed in the city court, and the county attorney had no authority to appear in a case which was inaugurated and prosecuted contrary to the Constitution.

If the law which created the city court for the city of Fort Worth was enacted at a time when the Legislature could not create it, then it is no court, and the county attorney had no right to appear in it to prosecute any case pending or to inaugurate a prosecution.

If the city court had jurisdiction of the cases and the ordinances of the city were valid, the county attorney had no authority to prosecute a case in the name of the city of Fort Worth. That duty was imposed by law upon the city attorney. If the city court had jurisdiction to try offenses against the laws of the State and the county attorney had the right to file complaints therein in the name of the State upon facts constituting such offenses, its jurisdiction was not exclusive, but the same cases might have been prosecuted by the county attorney in the justice court or in the county court of that county. This would have furnished an adequate, convenient, and effective remedy for the wrong done him by the judge of the city court, if it be a wrong, by refusing permission to file his complaint in the city court, and having such adequate and efficient remedy at law, the writ of mandamus can not be lawfully issued. The Screwmen's Benv. Assn. v. Thos. Benson, 76 Texas, 552; Ewing v. Cohen, 63 Texas, 482. The wisdom of that rule is well vindicated by the history of this case, in which much time has been spent and costs incurred in an attempt to force a judicial officer to surrender his convictions upon a vexed question of law when the prosecutions would not have been questioned in other courts.

The judgments of the District Court and of the Court of Civil Appeals are reversed and this cause is dismissed.

*Reversed and dismissed.*