## C. W. HOWTH v. F. W. GREER ET AL.

Decided November 13, 1905.

**1.—Corporation Court—County Attorney.**

Under the provisions of the Act of the 26th Legislature creating corporation courts (Laws, 1899, p. 42, sec. 8), and of sec. 21, art. 5, of the Constitution, a county attorney has the exclusive right, and is charged with the duty, to represent the State in all prosecutions instituted for the violation of the criminal laws of the State in a Corporation Court, notwithstanding such prosecutions may appear to be for violation of ordinances of the city covering the same ground.

**2.—Same—Fees.**

A county attorney is not entitled to fees, or any other compensation, for the prosecution of cases in a Corporation Court.

**3.—Title of Act—Subject.**

The regulation of county attorney's fees was directly connected with, and incidental to the organization of corporation courts, and the title of the Act creating said courts sufficiently embraced this subject.

**4.—Res Adjudicata.**

A judgment to have the effect of res adjudicata must be upon the merits, and must be final.

Error from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*A. T. Watts* and *Blain, Howth & Adams,* for plaintiff in error.— It is the duty and right of the county attorney to represent the State in the prosecution of all cases in the District and inferior courts of their respective counties, and mandamus will lie to compel the judge of any of said courts to permit him to appear for the State therein and conduct such prosecutions. Const., sec. 21, art. 5; Acts 26th Leg., p. 42, sec. 8; State of Texas v. Moore, 57 Texas, 307; Harris County v. Stewart, 91 Texas, 133.

The court erred in refusing the writ of mandamus applied for, because so much of the Act of the Twenty-sixth Legislature, entitled "An Act to establish and create in each of the cities, towns and villages of this State, a State Court, to be known as the Corporation Court in said city, town or village, and to prescribe the jurisdiction and organization thereof, and to abolish Municipal Courts," as attempts to regulate and control the fees of the county attorney, is unconstitutional, because the subject of controlling or regulating the fees of county attorneys is not embraced in the caption of said Act. Adams & Wicks v. San Angelo Waterworks Co., 86 Texas, 487; City of San Antonio v. Gould, 34 Texas, 74; Gunter v. Texas Land & Mort. Co., 82 Texas, 502; Giddings v. City of San Antonio, 47 Texas, 556; Homan v. State, 4 S. W. Rep., 575; San Antonio & A. P. Ry. Co. v. Burns, 13 Texas Ct. Rep., 251.

It being the duty of the county attorney, and his exclusive right, to represent the State in prosecutions in said courts, he is entitled to receive the fees taxed as costs for the benefit of the prosecuting attorney therein; and any attempt to bestow the right to such fees on the city attorney or the city itself is unconstitutional and outside of the purpose of the Act so expressed in the caption. Const., sec. 21, art. 5; Art. 1130, Code Crim. Procedure; Art. 1143, Code Crim. Procedure; Spencer v. Galveston County, 56 Texas, 389; State of Texas v. Moore, 57 Texas, 307; Harris County v. Stewart, 91 Texas, 133.

In order to bar a cause of action, a former judgment must be in a suit in which the same persons were parties, and in which the same issues are involved and the same relief sought. Frankel v. Heidenheimer, 1 Texas Civ. App., 459-560; Lucas v. Heidenheimer, 3 Texas Civ. App., 429; Faires v. McLellan, 24 S. W. Rep., 365; Walsh v. Ford, 66 S. W. Rep., 854; Black on Judgments, sec. 610.

A judgment, to be final, must dispose of the issues and parties to the suit, and not leave them before the court; that is, in order to constitute a final judgment dismissing a case, there must be an express adjudica-

tion to that effect. Magee v. Chadoin, 30 Texas, 663; Texas Land & Loan Co. v. Winter, 93 Texas, 561; Boren v. Jack, 73 S. W. Rep., 1061; Hammpan v. Lewis, 34 Texas, 475; Bradshaw v. Davis, 8 Texas, 345; Warren v. Shuman, 5 Texas, 449; Hughes v. Lane, 25 Texas, 356.

No final judgment can be entered by a district judge at a hearing in chambers on a petition for a writ of mandamus. Shepard v. Hubbard, 42 S. W. Rep., 862.

In order for a judgment sustaining a demurrer to be so conclusive as to operate as a final judgment and constitute a judgment upon the merits sufficient to support a plea of res adjudicata, it must clearly appear that the demurrer or exception went to the merits of the cause of action, and not merely to the form of the petition or the joinder, misjoinder or defect of parties. Faires v. McLellan, 24 S. W. Rep., 366; Parker v. Spencer, 61 Texas, 161; Magee v. Chadoin, 30 Texas, 667; Jackson v. Finlay, 40 S. W. Rep., 427; Weathered v. Mays, 4 Texas, 387; Linberg v. Finks, 25 S. W. Rep., 789; Black on Judgments, secs. 693, 707, 710, 716, 718, 719; Res Adjudicata and Stare Decisis, by Wells, sec. 446.

A judgment, to be a bar to a subsequent suit on the same cause of action, must be final and on the merits. Foster v. Wells, 4 Texas, 104; Hassell v. Nutt, 14 Texas, 265, 42 S. W. Rep., 1049; Philipowski v. Spencer, 63 Texas, 608; Cook v. Burnley, 45 Texas, 115; Scherff v. Missouri Pac. Ry. Co., 81 Texas, 473; Houston v. Musgrove, 35 Texas, 595; Black on Judgments, 695.

*Jas. A. Harrison* and *Teagle & Conley,* for defendant in error.—Unless the appellant could show that there had been pending in the Corporation Court certain cases in which the State was a party, and that such cases were properly in said court, and valid complaints had been filed in such cases, he would have no right to appear therein, and the recorder or judge would have the right to refuse the county attorney's participation in such cases. Swayne v. Johnson, 47 S. W. Rep., 711; Harris County v. Stewart, 91 Texas, 133.

If the prosecutions in the Corporation Court were based on city ordinances, or were conducted in the name and by the authority of the city of Beaumont, there would be no valid criminal action pending, nothing in which the State was interested, and nothing to bar the county attorney from proceeding in any other State Court, and he therefore would have an adequate remedy at law, and mandamus would not lie in his favor. Swayne v. Johnson, 47 S. W. Rep., 711; Screwmen's Association v. Benson, 76 Texas, 552; Ewing v. Cohn, 63 Texas, 482; Bayard v. United States, 127 U. S., 246; Pace v. Ortiz, 72 Texas, 440.

The Constitution of Texas relegates the fixing of the county attorney's fees to the Legislature, and that body has full power to prescribe the duties that shall be performed by such officer and the fees to be paid him therefor. Const. of Texas, art. 5, sec. 21; Tarrant Co. v. Butler, 80 S. W. Rep., 656; Hare v. Grayson Co., 51 S. W. Rep., 656; Grayson Co. v. May, 19 S. W. Rep., 331; Am. and Eng. Ency. of Law, vol. 23, p. 393; Moore v. State, 57 Texas, 320.

If the contents of the Act whose constitutionality is called in ques-

tion are mutual, and relate, directly or indirectly, to each other, the court will give the provisions and whole Act a liberal construction, so as to sustain, if possible, the constitutionality of each provision. Breen v. Texas & P. Ry. Co., 44 Texas, 305; Austin v. Gulf, C. & S. F. Ry. Co., 45 Texas, 267; Cooley on Const. Lim., 146; State v. McCracken, 47 Texas, 548; Giddings v. San Antonio, 47 Texas, 548; Stone v. Brown, 54 Texas, 330; San Antonio v. Lane, 32 Texas, 405; Tadlock v. Eccles, 20 Texas, 792.

The judgment in the original suit, number 5040, even in the form claimed by appellant, is res judicata (Tr., p. 66), and no appeal having been taken, or the same set aside, plaintiff could not bring a new action on the same cause. Parker v. Bomar, 68 Texas, 435; Scherff v. Missouri Pac. Ry. Co., 81 Texas, 471; Bomar v. Parker, 68 Texas, 435; Dixon v. Zadek, 59 Texas, 531; Girardin v. Dean, 49 Texas, 243.

REESE, ASSOCIATE JUSTICE.—Plaintiff in error, county attorney of Jefferson County, sued defendants in error, F. W. Greer, recorder of the city of Beaumont, James Stewart, city marshal, C. A. Teagle, city attorney, J. G. Sutton, city secretary and clerk of the Corporation Court, and also the city of Beaumont, praying for a writ of mandamus requiring Greer, as recorder and judge of the Corporation Court, to permit him, as county attorney, to appear before said court in all causes wherein any party is being prosecuted for a violation of any of the criminal laws of the State, notwithstanding said offenses may also be embraced in the city ordinances, and further requiring the recorder to tax, for his benefit, in all such cases the fees and costs due him under the Constitution and laws of the State.

Relator further prays that the court order that C. A. Teagle, city attorney, be not permitted by the said recorder to appear in said court and prosecute said cases wherein relator or any of his assistants appear and offer to discharge such duty; that James Stewart, city marshal, and J. G. Sutton, clerk of the Corporation Court, be required to collect for and turn over to relator the fees allowed the county attorney by law in all such cases, and to turn over all such fees collected as such officers subsequent to January 3, 1905, in all such cases wherein relator or his assistant appeared and offered to prosecute, and further ordering that they do not deliver such fees to the city attorney or the city treasurer, but that all such fees be delivered to relator when collected. Relator further prays for judgment against the defendants, and each of them, for the fees so unlawfully paid to Teagle, city attorney, since January 3, 1905.

Defendants answered by general demurrer and various special exceptions, general denial and special pleas, including a plea of res adjudicata. A more detailed and specific reference to the matters contained in the answer is not here necessary.

The case was tried by the court without a jury, and defendants had judgment. The case is here on writ of error by relator.

There are no disputed facts in the record. It appears that C. W. Howth, who is county attorney of Jefferson County, claimed the right as such officer to appear and prosecute in the Corporation Court of the city of Beaumont, of which F. W. Greer is judge as recorder of said

city, in all cases in that court wherein parties are charged with a violation of the criminal laws of the State, whether such charges are based upon the criminal laws of the State or upon ordinances of the city covering the same ground. It appears. from the statement of facts that this right was denied the county attorney by the recorder.

It is true that defendants, in their answer, deny that they or either of them object to the appearance of said county attorney, or any of his assistants, in any cause in which the State of Texas is a party, but they do deny his right to exclude the city attorney from participation in said causes, which right is embraced in the demand of the county attorney, who claims that he has the exclusive right to represent the State in such cases.

The Corporation Court of the city of Beaumont is organized under the provisions of the Act of the Twenty-sixth Legislature, entitled "An Act to establish and create in each of the cities, towns and villages of this State a State Court, to be known as the Corporation Court, in said city, town or village, and to prescribe the jurisdiction and organization thereof, and to abolish Municipal Courts."

Section 2 of the Act, defining the jurisdiction of said courts, provides: "That said court shall have jurisdiction within the territorial limits of said city, town or village, within which it is established, in all criminal cases arising under the ordinances of the said city, town or village now in force, or hereafter to be passed, and shall also have jurisdiction concurrently with any justice of the peace in any precinct in which said city, town or village is situated, in all criminal cases arising under the criminal laws of this State in which the punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and arising within the territorial limits of such city, town or village."

Section 8 is as follows: "That all prosecutions in said court, whether under an ordinance or under the provisions of the Penal Code, shall be commenced in the name of the State of Texas, and shall conclude, 'against the peace and dignity of the State,' and where the offense is covered by an ordinance the complaint may also conclude, 'as contrary to the said ordinance,' and all prosecutions in such court shall be conducted by the city attorney of such city, town or village, or by his deputy; but the county attorney of the county in which said city, town or village is situated may, if he so desires, also represent the State of Texas in such prosecutions, but in all such cases the said county attorney shall not be entitled to receive any fees or other compensation whatever for said services, and in no case shall the said county attorney have the power to dismiss any prosecution pending in said court, unless for reasons filed and approved by the recorder of said court."

It will be seen that the county attorney is expressly given the right, if he desires, to represent the State of Texas in prosecutions in the corporation court, but the language of the Act is probably susceptible of the construction that the right thus given is to be exercised in conjunction with the city attorney, and not exclusively. This seems to be the view taken by defendants in their answer.

Section 21, article 5, of the Constitution of this State provides that, "The county attorneys shall represent the State in all cases in the Dis-

trict and inferior courts in their respective counties," and "shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

These provisions of the Constitution, in regard to the right therein conferred, and the duty imposed upon county attorneys, were considered by the Supreme Court in the case of The State of Texas v. Moore, county attorney (57 Texas, 307). The question involved was, substantially, the right of Moore, county attorney, to appear for the State, and to prosecute and control, to the exclusion of all other officers or attorneys, certain suits which had been instituted in the District Court of Travis County by the Attorney-General, to recover money due the State upon the bonds of defaulting tax collectors. It was held that, under the foregoing provisions of the Constitution, it was the right and duty of the county attorney to represent the State in the several suits referred to, of which the Legislature could not deprive him by conferring the power upon another officer. The court says: "The powers granted to county attorneys in reference to representing the State in all cases in the District and Inferior Courts in their respective counties is broad, and comprehends alike cases civil and criminal, except so far as the Constitution itself confers power upon the Attorney-General to represent the State in those cases."

With reference to the nature of this power given by the Constitution, as being an exclusive power, the court further says: "It must be presumed that the Constitution, in selecting the depositaries of a given power, unless it be otherwise expressed, intended that the depositary shall exercise an exclusive power, with which the Legislature could not interfere by appointing some other officer to the exercise of the power."

In the case of Moore v. Bell, Attorney-General (95 Texas, 151), it was held that the provisions of a statute authorizing the Attorney-General to prosecute certain suits to recover penalties against railroad companies, under the direction of the Railroad Commission (art. 4577, Rev. Stats.), was not unconstitutional, but the decision of the court was made to rest solely upon the provisions of the amendment to section 2, article 10 of the Constitution. It was held that the Attorney-General, in bringing such suits, was one of the agencies which the Legislature was expressly authorized by that amendment to create for the purpose of carrying out its provisions.

The Corporation Court of the city of Beaumont being one of the inferior courts of the State referred to in the Constitution, the right of the county attorney to appear in said court, either by himself or his lawfully appointed deputy, and represent the State in all cases pending therein to which the State is a party, is indisputable.

This right is also an exclusive right. If the county attorney or his lawfully authorized deputy, appears and offers to represent the State in such cases neither the city attorney nor any other officer or attorney has the right to take any part in such prosecution. (Stewart v. Harris County, 91 Texas, 146.)

This is clear as to cases in which persons are charged with violation of the criminal laws of the State, of which the Corporation Court has jurisdiction concurrently with Justice Courts. It appears, however, that the ordinances of the city of Beaumont are so framed as to cover

substantially the same ground as the statutes of the State as to these offenses, and that prosecutions in said Corporation Court are, in the main, if not altogether, for violations of these ordinances of which also the Corporation Court has jurisdiction.

The power of the city council to pass such ordinances, provided they do not conflict, in any of their provisions, with State laws, seems to be settled. (Art. 931, C. C. P.; Abram v. The State, 28 S. W. Rep., 818.)

It was said by the Supreme Court in the case of Jackson v. Swayne (92 Texas, 246), referring to such ordinances, and the right of the county attorney to prosecute in the City Court: "If the City Court had jurisdiction of the cases, and the ordinances of the city were valid, the county attorney had no authority to prosecute a case in the name of the city of Fort Worth." The law under which the City Court of Fort Worth operated, at the time of this decision, provided that "All prosecutions for violations of city ordinances shall be carried on in the name and by the authority of 'the city of Fort Worth' and conclude 'against the peace and dignity of the city.' The style of process shall be 'the city of Fort Worth.'" (Special Laws 21 Legislature, Regular Session, p. 70. Charter of the city of Fort Worth.)

Section 8 of the Corporation Court Act, hereinbefore set out, provides that all prosecutions, whether under ordinance or under the provisions of the penal code, shall be commenced "in the name of the State of Texas" and *shall* conclude "against the peace and dignity of the State," and, where the offense is covered by an ordinance, the complaint *may also* conclude, "as contrary to said ordinance." The county attorney is given the right to appear and represent the State in such cases.

We think this shows an intention on the part of the Legislature that such prosecutions, as may be instituted in the Corporation Court for violation of the criminal laws of the State, which are also made violations of ordinances of the city, notwithstanding such prosecutions may purport to be instituted under the ordinances, shall be regarded as State cases, cases in which the State is not only a nominal, but a real party. The officers of the city can not alter the essential nature of the cases by charging a violation of the city ordinance instead of the corresponding criminal statute. In either case the prosecution is required to be "in the name of the State" and to conclude "against the peace and dignity of the State."

It is true that the Corporation Court Act provides (section 10), that all costs and fines imposed by said court shall be paid into the city treasury for the use and benefit of the city, town or village, but this applies also to prosecutions for violations of the criminal laws of the State in form as well as in substance. This the Legislature had the power to do, there being no prohibition, express or implied, of the Constitution to prevent. It might, if it saw fit, make the same disposition of fines in cases prosecuted in the District, County or Justice Courts, but that would not, and in the present case does not, alter the nature and essential character of such prosecutions, as being State cases.

We think such cases come within the provisions of section 21, article 5, of the Constitution, and that the county attorney has the right,

and is charged with the duty, to represent the State in all prosecutions instituted for the violation of the criminal laws of the State in the Corporation Court, notwithstanding such prosecutions may appear to be for violation of ordinances of the city, covering the same ground. This right is also exclusive to the same extent as it would be if the prosecutions were violations of the penal laws of the State alone.

We are dealing here only with the rights of the county attorney, which he claims have been denied him by the recorder. The question of the right of the city attorney to prosecute such cases, when the county attorney does not appear and offer to do so, is not here presented. Nor is the question presented of the right of the county attorney to prosecute cases for the violation of municipal ordinances purely for the regulation of municipal affairs, which do not involve violations of any of the criminal laws of the State. He does not claim the right to appear and prosecute in such cases, and has not done so, so far as the record shows.

It is also claimed by the plaintiff in error that he is entitled to certain fees for all prosecutions and convictions by him in the Corporation Court, and the court below was asked for a mandamus compelling the recorder to tax such fees for his benefit, and that the city marshal and the clerk of the Corporation Court be required to collect and turn over to him such fees.

The Constitution provides (section 21, article 5), that "county attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law." In the case of The State of Texas v. Moore, *supra,* it was said: "It is not believed that any well considered case can be found in which a public officer has been permitted to collect fees unless the same are provided for, and the amount thereof declared by law."

In that case it was held that, although the county attorney had the right and was charged with the duty to represent the State in the prosecutions of the cases against defaulting tax collectors, the Legislature not having provided any compensation therefor and fixed the amount thereof, he was not entitled to any compensation.

The Legislature in dealing with the subject immediately in hand, while conferring upon the county attorney the right to represent the State in prosecutions in the Corporation Court, expressly provides that "in all such cases the county attorney shall not be entitled to receive any fees or other compensation whatever for such services."

Having absolute power, under the Constitution, over the whole question of compensation for services of the county attorney, to provide such fees as it might think proper, or to provide none if it thought proper, the Legislature had clearly the right to make the provision above recited, in the corporation Act, with regard to the compensation of the county attorney.

It is, however, urged by the plaintiff in error that this provision is in violation of section 35, article 3, of the Constitution in that the subject of the provision is not embraced in the title of the Act creating Corporation Courts. The title of the Act is as follows: "An Act to establish and create in each of the cities, towns and villages of the State, a State Court to be known as the Corporation Court in said

city, town or village, and to prescribe the jurisdiction and organization thereof and to abolish municipal courts." It was a necessary part of the organization of such courts that the officers who should conduct its business should be named and their respective duties prescribed, and, as directly connected with and incidental thereto, to prescribe the fees to be allowed such officers. We think the objection to the provision of the Act referred to that it is not "expressed in the title" of the Act is without force. (Austin v. Gulf, C. & S. F. Ry. Co., 45 Texas, 267.)

The defendants plead in their answer, in bar of the action, that the matters and things embraced in the petition are *res adjudicata.* It appears from the statement of facts that previous to the institution of this suit plaintiff in error had instituted in the District Court a suit of precisely the same nature, upon the same facts, and praying for the same relief, the only substantial difference between that suit and the case at bar being that in that the city of Beaumont was not made a party, and it appears to have been orally pleaded upon the hearing before the judge, which is stated to have been in chambers, that the city was a necessary party. Upon this hearing the court rendered judgment upon exceptions, the part whereof material to the question presented being as follows:

"In the District Court, Jefferson County, January 16, 1905, in chambers. . . . And the court having heard the pleadings read and arguments of counsel thereon, as well as the oral exceptions urged by the defendants to plaintiff's bill, because of the failure of plaintiff to make the city of Beaumont defendant herein, and it appearing to the court that said exception was well taken, and that said city is a necessary party defendant herein, .and because of other defects appearing to the court in said bill, said exception is sustained, and said writ of mandamus as prayed for is refused."

It appears that the original judgment as rendered was incorrectly entered, and upon motion of plaintiff it was corrected, and on March 13, 1905, the judgment above recited ordered to be entered *nunc pro tunc* as of January 16, 1905, the order last referred to having been made in open court at the March term, 1905. In this order it is recited that "No judgment was ever rendered or ordered, or decision made by the court herein upon the merits of the action." This judgment, which is pleaded as *res adjudicata,* is neither such a judgment upon the merits, nor is it such a final judgment as would have that effect. It leaves the case on the docket undisposed of, in which condition it still remains, so far as the record shows. (Parker v. Spencer, 61 Texas, 161; Texas Land & Loan Co. v. Winter, 93 Texas, 560.)

We have considered these questions only with reference to rights of the plaintiff in error, and the denial thereof by defendants in error. The right of the city attorney to fees in the cases referred to is not presented, nor considered.

If, as we have concluded, the county attorney is not entitled to fees or any other compensation, so far as the judgment of the court below refuses him any relief on this account, it is without error and is affirmed.

In so far as the judgment of the District Court refuses the writ

of mandamus, requiring F. W. Greer, recorder, to allow plaintiff in error through himself or his lawfully appointed deputy, or assistant, to appear in the Corporation Court, and prosecute cases in that court wherein persons are charged with the violation of penal laws of the State whether charged to be violations of such penal laws or of ordinances of the city, to the exclusion of the city attorney if he so desires, judgment is reversed and here rendered for plaintiff and it is ordered that proper writ of mandamus issue. In all other respects, and as to all other defendants, the judgment of the District Court is affirmed.

*Affirmed in part. Reversed and rendered in part.*

Writ of error refused.