

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 25, 1951

Hon. F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Opinion No. V-1147.

Re: Authority of a county
    attorney to prosecute
    violations of munici-
    pal ordinances in cor-
    poration court.

Dear Mr. Graham:

Your request for an opinion presents the ques-
tion of the duty of the county attorney in a county where
there is no resident criminal district attorney to repre-
sent the prosecution in corporation court, where the of-
fense charged is a violation of an ordinance, but not of
any penal statute of the State of Texas.

Section 21 of Article V, Constitution of Tex-
as, provides in part:

"The county attorneys shall represent
the State in all cases in the District and
inferior courts in their respective coun-
ties; but if any county shall be included
in a district in which there shall be a
district attorney, the respective duties
of district attorneys and county attorneys
shall in such counties be regulated by the
Legislature."

By the express terms of the above constitution-
al provision and under the decisions of the courts of this
State, "the county attorney has the right, and is charged
with the duty, to represent the state in all prosecutions
instituted for the violation of the criminal laws of the
state in the corporation court, notwithstanding such pros-
ecutions may appear to be for violation of ordinances of
the city covering the same ground." (Emphasis added
throughout) Howth v. Greer, 90 S.W. 211 (Tex.Civ.App.
1905, error ref.); Harris County v. Stewart, 91 Tex. 133,
41 S.W. 650 (1897); Upton v. City of San Angelo, 94 S.W.
436 (Tex.Civ.App. 1906).

Cities and towns may, within their delegated
authority, prescribe offenses by ordinance which are not
punishable under State penal statutes. Ayres v. City of

Hon. F. T. Graham, page 2   (V-1147)


Dallas, 32 Tex. Crim. 603, 25 S.W. 631 (1894); Zydias
Amusement Co. v. City of Houston, 185 S.W. 415 (Tex.Civ.
App. 1916, error ref.).

Prior to 1899, the Texas courts had sanctioned
the prosecution of cases and the issuance of process in
the name of the municipal corporation rather than in the
name of the State of Texas where violation of an ordi-
nance was charged. Johnson v. Hanscom, 90 Tex. 321, 38
S.W. 761 (1897); Jackson v. Swayne, 92 Tex. 242, 47 S.W.
711 (1898); Ex parte Boland, 11 Tex. Ct. App. 159 (1881).
Under this procedure, it was held in Jackson v. Swayne,
supra, that a county attorney could not compel a city
recorder to allow him to prosecute complaints filed in
the name of the city which charged acts violative of
State statutes. The case did not hold that the State
had no interest in enforcing its penal statutes in a
corporation court; it held merely that the county attor-
ney had no authority to prosecute a case in the name of
the city.

In view of the constitutional provision that
all prosecutions shall be carried on in the name and by
the authority of the State of Texas and that the style
of all writs and processes shall be "The State of Texas"
(Art. V, Sec. 12, Tex. Const.) and the above constitu-
tional provision that the county attorneys "shall repre-
sent the State in all cases in the District and inferior
courts in their respective counties," the conclusion to
be drawn from these cases is that the real party in in-
terest in cases involving violations of ordinances only
is the city rather than the State. Otherwise, these
prosecutions would have been required to be in the name
of the State and the county attorney would have had the
right, as well as the duty, to represent the State in
such actions.

The Corporation Court Act of 1899 (Acts 26th
Leg., 1899, ch.33, p.40) redefined the jurisdiction of
corporation courts and changed the manner of conducting
proceedings therein by providing that the complaint shall
begin "In the name and by authority of the State of Tex-
as." Art. 867, V.C.C.P. This statute was construed in
Howth v. Greer, supra, where the court said:

"... We think this shows an intention
on the part of the Legislature that such
prosecutions as may be instituted in the
corporation court for violation of the crim-
inal laws of the state, which are also made

> violations of ordinances of the city, not-
> withstanding such prosecutions may purport
> to be instituted under the ordinances, shall
> be regarded as state cases, cases in which
> the state is not only a nominal, but a real,
> party.  . . ."

It is our opinion that the Legislature did not intend by Article 867, V.C.C.P., to make the State the real party in interest in prosecutions involving violations of ordinances only, but merely intended to make the State a nominal party.  The State being only a nominal party, the county attorney is not required to make an appearance for the State and "represent the State" in such actions.

Nor is there anything in Article 869, V.C.C.P., imposing a duty upon the county attorney to prosecute these violations.  This article, which imposes the duty upon the city attorney to prosecute such actions, provides that the county attorney "may, if he so desires, also represent the State in such prosecutions," and thus is merely permissive insofar as the county attorney is concerned.

It is our opinion, therefore, that the county attorney has no duty to represent the prosecution in corporation court when the offense is solely for the violation of an ordinance and no penal statute of the State is involved.

## SUMMARY

> The county attorney has no duty to
> represent the prosecution in corporation
> court when the offense is for a violation
> of a city ordinance and no penal statute
> of the State is involved.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
First Assistant

BW:JPL:mw

PRICE DANIEL
Attorney General

Burnell Waldrep

Jesse P. Luton, Jr.
                    Assistants