

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 6, 1962

Mr. Wayne Burns
County Attorney
Howard County
Big Spring, Texas

Opinion No. WW-1302

Re: Whether the City Attorney
or the County Attorney has
the primary responsibility
in prosecuting criminal
cases appealed from the
Corporation Court to the
County Court.

Dear Mr. Burns:

You have requested an opinion from this office upon the question of whether the City Attorney or the County Attorney has the primary responsibility in prosecuting criminal cases appealed from the Corporation Court to the County Court in which a trial de novo is required.

Section 21 of Article V, Constitution of Texas, provides in part that:

". . . The County Attorneys shall represent the State in all cases in the District <u>and inferior courts</u> in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. . . ." (Emphasis added)

Article 869, Vernon's Code of Criminal Procedure provides that:

"All prosecutions in a corporation court <u>shall be conducted by the city attorney</u> of such city, town or village, or by his deputy. <u>The county attorney</u> of the county in which said city, town or village is situated <u>may, if he so desires, also represent the State in such prosecutions.</u> In such cases, the said county attorney shall not be entitled to receive any fees or other compensation whatever for said services. The county

attorney shall have no power to dismiss any
prosecution pending in said court unless for
reasons filed and approved by the recorder."
(Emphasis added)

Article 26, Vernon's Code of Criminal Procedure
provides in part that:

"The county attorney shall attend the
terms of all courts in his county below
the grade of district court, and shall rep-
resent the State in all criminal cases under
examination or prosecution in said county; . . ."

In the case of Howth v. Green, 90 S.W. 211
(Civ.App. 1905, error ref.) the court had before it the
question of the authority of the county attorney to
represent the State in cases before the Corporation Court
involving violations of the penal laws of this State.
The court in its opinion stated that pursuant to the
provisions of Section 21 of Article V of the Constitution
of Texas:

". . . it was the right and duty of the
county attorney to represent the state . . .

"The corporation court of the city
of Beaumont being one of the inferior
courts of the state referred to in the
Constitution, the right of the county
attorney to appear in said court, either
by himself or his lawfully appointed
deputy, and represent the state in all
cases pending therein to which the state
is a party, is indisputable. This right
is also an exclusive right. If the county
attorney, or his lawfully authorized deputy,
appears and offers to represent the state
in such cases, neither the city attorney
nor any other officer or attorney has the
right to take any part in such prosecution.
Harris County v. Stewart, 91 Tex. 146,
41 S.W. 650. This is clear as to cases
in which persons are charged with violation

> of the criminal laws of the state, of which
> the corporation court has jurisdiction concur-
> rently with justice courts. . . ." (Em-
> phasis added)

By the express terms of the previously quoted constitutional and statutory provisions, and under the decision of the courts in such cases as Howth v. Green, supra, it appears clear that the County Attorney has the primary duty and responsibility of representing the State in all cases instituted for the violation of criminal laws of the State in all courts in his county inferior to the district court.

However, an exception to this statement is found in Attorney General's Opinion No. V-1147 (1951) wherein this office held that the County Attorney has no duty to represent the prosecution in Corporation Court when the offense is for a violation of a city ordinance and no penal statute of the State is involved. In such instances the primary responsibility of prosecuting the violation of a city ordinance is placed upon the City Attorney and participation by the County Attorney is merely discretion- ary or permissive as is evidenced by the language of Article 869, which states that the County Attorney ". . . may, if he so desires, also represent the State in such pro- secutions . . . ."

Consequently, we are of the opinion that, in view of the constitutional and statutory provisions per- taining to the duties of the County Attorney, it is the primary responsibility and duty of the County Attorney to represent the State in all prosecutions for violation of the penal laws of this State when such violations are being prosecuted in any of the courts of the county below the level of district court. The exception to this rule is that the County Attorney does not have the primary responsibility and duty of representing the State in those cases in Corporation Court which concern violations of city ordinances rather than penal laws of this State.

As neither the constitutional nor statutory provisions heretofore cited contemplate anyone other than the County Attorney assuming the responsibility and duty of prosecuting criminal cases before the County Court,

it would, in our opinion, necessarily follow that the primary duty and responsibility of prosecuting appeals from Corporation Court to County Court would rest upon the County Attorney.

## S U M M A R Y

The primary responsibility and duty of prosecuting cases appealed from a Corporation Court to a County Court involving violations of the penal laws of this State rests upon the County Attorney.

Sincerely yours,

WILL WILSON
Attorney General of Texas

Pat Bailey
Assistant

PB:kkc

APPROVED

OPINION COMMITTEE
W. V. Geppert, Chairman

Morgan Nesbitt
Dudley McCalla
Thomas Burrus
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.