Rosemary Gonzales COVALT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–01066–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 1994.

Frank Alvarez, Houston, for appellant.

John B. Holmes, Jr., Karen A. Clark, Vic Wisner, Larry Standley, Houston, for appellee.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant, Rosemary Gonzales Covalt, guilty of the misdemeanor offense of perjury. TEX.PENAL CODE ANN. § 37.02 (Vernon 1989). The trial court assessed her punishment at 180–days confinement, probated for one year, and a fine of $500. She does not challenge the sufficiency of the evidence. In two points of error, she complains of the trial court's action in overruling her motion to quash the indictment and in refusing her requested jury charge. We affirm.

Houston Police Department Officer Davis was dispatched to a Houston high school to cover a meeting among school officials, Hispanic community leaders, and parents of Hispanic students concerning complaints of assaults on students in a recent campus disturbance. Ms. Covalt, a Hispanic community activist, was present and served as an interpreter. She later filed a complaint with the Houston Police Department Internal Affairs Division (IAD), claiming that Officer Davis wrongfully refused to file an offense report concerning the meeting and the citizen's complaints that were expressed. A grand jury subsequently indicted her for filing a sworn complaint falsely charging Officer Davis with official misconduct.

In her first point of error, appellant asserts the trial court erred in overruling her motion to quash the indictment because the State's pursuit of the charge against her constituted both selective prosecution and overbroad enforcement of the perjury statute.

## Motion to Quash

### 1. Selective Prosecution

Appellant first asserted in her motion to quash that she was denied equal protection of the law in that she was the victim of purposefully discriminatory enforcement of the perjury statute under the test set out in *United States v. Greene,* 697 F.2d 1229, 1234 (5th Cir.1983):

> To prevail on a selective prosecution challenge, a defendant must first make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not. If a defendant meets this first showing, he must then demonstrate that the government's discriminatory selection of him for prosecution has been invidious or in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitution rights.

697 F.2d at 1234 (citations omitted) (emphasis in original).

The State has broad discretion to determine the extent of prosecution, and can prosecute under any statute violated as long as it does not discriminate against any class of defendants. *Callaway v. State,* 818 S.W.2d 816, 838 (Tex.App.—Amarillo 1991, pet. ref'd). A purposeful discrimination will not be presumed, and a showing of clear discrimination in the enforcement of a statute must be made by the defendant. *Satterwhite v. State,* 726 S.W.2d 81, 84 (Tex.Crim.App. 1986).

To show that she was "singled out for prosecution while others similarly situated and committing the same acts were not," Covalt presented evidence at the motion to quash hearing about the disposition of other complaints against Houston police officers. She showed that approximately 1,650 complaints were filed with the IAD in 1990 against Houston police officers. Michael A. Dirden, custodian of records for the IAD, testified that when an investigation is com-

pleted, a complaint against an officer is categorized as (1) "sustained," (2) "not sustained," (3) "exonerated," or (4) "unfounded," and that the vast majority of complaints are "unfounded." From complaints in the last three categories, he stated, "maybe in the past two or three years there had been one or two that were prosecuted for perjury."

Assistant District Chief of Police Howard Contreras testified that more than 1,000 complaints per year are filed against police officers, and he knew of no perjury charges arising from unfounded complaints. However, he could not say that a complainant had never been prosecuted for perjury for filing an unfounded charge.

Sergeant Jesus Romero Garza, Sr., the administrative sergeant for Assistant Chief Contreras, testified that in the year and one-half he worked in IAD, between 1200 and 1500 complaints per year were filed against officers, and he did not recall anyone who filed a meritless complaint being prosecuted. Further, he stated, the department has an unwritten policy that complainants are not to be discouraged from filing complaints against officers for alleged misconduct or wrongdoing.

Captain Richard Williams, the current IAD commander, testified that approximately 1200 complaints were filed by citizens against officers in 1990, and he recalled no prosecutions for perjury growing out of unfounded complaints.

Houston Police Department Sergeant Lester Bashaw, who investigated appellant's complaint against Officer Davis and later filed the charge against appellant, testified that in the course of his work in the IAD, he had come across other unfounded or unsustained complaints against police officers where he felt the complainants were lying, but this was the only case in which he had ever filed perjury charges. He testified this was because "[t]his *was the only one that I have dealt with where I had a sworn statement* and—in other cases people would not give me a sworn statement." (Emphasis added.) Bashaw testified that appellant's complaint came through the mail already sworn to, and that never during his time as an HPD sergeant had he had "such a blatant

false [sworn] complaint made to [him] that [he] was able to prove in so many ways was false."

Here, he testified the controverting witnesses to the false complaint were persons of stature—Mrs. Cooper, Madison high school's principal, and Mr. Gonzales, the school's assistant principal. Further, appellant falsely swore that Sergeant Davis never wrote a report, when he, Bashaw, actually had Davis' report in hand. Bashaw testified that he investigated further by interviewing numerous witnesses and found no information from any source apart from appellant's sworn statement to support her false contention. Bashaw testified that he had previously investigated false complaints by individuals who claimed that officers had refused to make reports, but those complaints were unsworn. If those complaints had been sworn, Bashaw testified, he would have attempted to file perjury charges against those persons, too.

Appellant's position is that because her complaint was in a class with some 3,000 other complaints over a two to three year period that were investigated and determined to be meritless, and that resulted in only three perjury charges being filed, including the present case against her, her prosecution represented selective enforcement. We disagree.

The fact that appellant swore to the truth of her false complaint distinguishes her situation from that of other citizen complaints found to be meritless or "not sustained." Appellant presented no evidence that there were other citizens who filed *sworn* complaints against officers and were not prosecuted for perjury. The only relevant testimony, that of Sergeant Bashaw, indicates that there were no other "similarly situated" citizens, i.e., persons who had filed false *sworn* complaints, who were not prosecuted for perjury. The perjury statute, section 37.02, provides:

A person commits [perjury] if, with intent to deceive and with knowledge of the statement's meaning:

(1) he makes a false statement under oath or swears to the truth of a false statement previously made; and

(2) the statement is required or authorized by law to be made under oath.

TEX.PENAL CODE ANN. § 37.02(a) (Vernon 1989). The essence of perjury is a "false statement under oath." Although other citizens may have filed false complaints against police officers, their conduct was not the same and, indeed, could not be prosecuted under the perjury statute because their complaints were not sworn. Appellant fails to meet the first prong of the *United States v. Greene* test by failing to show that she was singled out for prosecution while others "similarly situated and committing the same acts"—filing sworn complaints against police officers—were not.

### 2. Overbreadth of the perjury statute in its application

The second reason Covalt asserts as trial court error in overruling her motion to quash the indictment is that the perjury statute, section 37.02, is overbroad as applied in her case; hence, its application is prohibited limitation on first amendment rights of free speech.

■ An attack on a statute as overbroad is normally and traditionally reserved for complaints about first amendment violations. *State v. Sandoval*, 842 S.W.2d 782, 786 (Tex. App.—Corpus Christi 1992, pet. ref'd). Even though a statute or ordinance may be constitutionally applied to a particular defendant's acts or conduct, "that defendant may challenge it on the basis of overbreadth if it is so drawn as to sweep within its ambit protected speech or expression of other persons not before the court." *Dubuisson v. State*, 572 S.W.2d 694, 696 (Tex.Crim.App.1978) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 933, 95 S.Ct. 2561, 2568–69, 45 L.Ed.2d 648 (1975)).

Covalt argues that allowing the State to use the perjury statute to prosecute her in this scenario gives police authorities too much discretion in determining who will be allowed to make complaints to the IAD about police conduct. She asserts that the government's interest in preventing perjury does not warrant "the chilling effect achieved by the statute's discriminatory application against those most vocal in the community." She reasons that the trial court's action in allowing her to be charged after she filed a complaint against an officer will result in other citizens being less likely to speak out and file complaints against police officers.

■ In passing upon the constitutionality of a statute, a reviewing court begins with a presumption of validity. *Rahmani v. State*, 748 S.W.2d 618, 621 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), *cert. denied*, 490 U.S. 1081, 109 S.Ct. 2102, 104 L.Ed.2d 663 (1989). The burden is on one who challenges an act to establish its unconstitutionality. *Id.* An act will be invalidated as overbroad only if the overbreadth is substantial. *Tanner v. State*, 838 S.W.2d 302, 305 (Tex.App.—El Paso 1992, no pet.).

■ Section 37.02 does not criminalize the filing of a complaint against an police officer. To the contrary, the statute makes susceptible to prosecution for perjury only a person who makes a false statements under oath, or swears to the truth of a false statement previously made, and who does so intending to deceive and having knowledge of the statement's meaning. Lying under oath is not a constitutionally protected activity. Citizens who file legitimate complaints are not subject to prosecution under the statute. Appellant has not shown that the perjury statute, when applied to the prosecution of persons who swear to known false complaints against police officers, constitutes any inhibition—much less a substantial one—upon constitutionally protected conduct. We reject appellant's argument that section 37.02 is overbroad and a prohibited limitation on first amendment rights.

Appellant's motion to quash the indictment was properly denied, and her first point of error is overruled.

### Jury Charge

■ In her second point of error, appellant asserts the trial court erred in refusing to submit to the jury her requested charge that she was entitled to an acquittal "if the

jury found that she believed that the statement which was assigned herein as perjury, was true when made under oath to Sergeant Bashaw."

The trial court refused appellant's request for the following charge:

You are instructed that when a person makes a statement in the belief that it is true, it is not to be considered a perjured statement. Therefore, if you find from the evidence that the defendant's statements, if a statement was in fact made by the defendant, was made with the belief that it was true or if the prosecution has failed to persuade you beyond a reasonable doubt that the statement was made with the belief that it was untrue, you will acquit the defendant and say by your verdict not guilty.

As the basis for this requested charge, appellant relies on language found in a 1973 opinion decided under an earlier version of the perjury statute.[1] In *Gauthier v. State*, 496 S.W.2d 584 (Tex.Crim.App.1973), the court wrote:

In a perjury case the State need not allege and prove that the accused knew the statement to be false when he made it. But, it is quite another thing when the accused, *as an affirmative defense*, testifies that he believed at the time he testified he was testifying in a truthful manner. Such testimony entitles the accused to a defensive charge such as that requested by the appellant in this case.

*Id.* at 587 (emphasis added).

The present perjury statute, section 37.-02(a) of the Penal Code, has been in effect since January 1, 1974. As *Gauthier* noted, the version of the perjury statute applicable in 1973 required the State to prove only that (1) the statement was false, and (2) the defendant deliberately and wilfully made the statement. The State did not have to prove,

as now, that the defendant acted with the "intent to deceive and ... knowledge of the statement's meaning." Thus, under the wording of the earlier statute, even though evidence showed that defendant "believed at the time he testified that he was testifying in a truthful manner," the jury would be obligated to convict unless the court's charge instructed them that such a belief constituted a defense. Under the present statute, if the jurors believed or had a reasonable doubt that appellant thought her statement was true when she made it, they would necessarily be unable to find that she "intended to deceive"; thus, acquittal would be required without the requested affirmative defense charge.

We overrule appellant's second point of error.

The judgment is affirmed.

---

1. Prior to January 1, 1974, Tex.Penal Code Ann. art. 302, act of June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex.Gen.Laws 883, 947, provided: Perjury is a false statement, either written or verbal, deliberately and willfully made, relating to something past or present, under the sanction of an oath, ... where such oath is legally administered, under circumstances in which an oath or affirmation is required by law, ... or is necessary for the conduct of any official hearing, inquiry, meeting, or investigation by any legislative committee or other instrumentality of government having legal authority to issue process for the attendance of witnesses, whether or not such process was in fact issued.