The **CITY OF EL PASO, Relator,**

v.

The **Honorable Javier ALVAREZ, Judge of the County Court at Law No. Three of El Paso County, Texas, Respondent.**

No. 08–96–00237–CV.

Court of Appeals of Texas, El Paso.

Sept. 19, 1996.

Rehearing Overruled Oct. 16, 1996.

---

Laura P. Gordon, John Gates, Assistant City Attorneys, El Paso, for Relator.

Charles Louis Roberts, Michael R. Gibson, El Paso, TX, for Respondent.

Javier Alvarez, Judge of the County Court at Law No. 3, El Paso, TX, pro se.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### OPINION

McCLURE, Justice.

This is an original proceeding in which Relator, the City of El Paso ("the City"), seeks a writ of mandamus to compel Respondent, the Honorable Javier Alvarez, Judge of County Court at Law No. Three of El Paso County, Texas ("Respondent"), to withdraw his orders issuing two writs of habeas corpus and staying the prosecutions in the municipal courts, and to further deny the applications for writ of habeas corpus filed by Phyllis Woodall and Jeannie Coutta, the real parties in interest. We conditionally grant the City's petition for writ of mandamus.

### PROCEDURAL HISTORY

The City has filed complaints in the El Paso Municipal Courts against Phyllis Woodall and Jeannie Coutta for violation of the City of El Paso's Adult Entertainment Ordinance. Those complaints are currently pending in the municipal courts. On April 11, 1996, Woodall and Coutta each filed an application for writ of habeas corpus in the County Court at Law No. Three in which they raise several challenges to the constitutionality of the ordinance and further allege constitutional violations occurring as a result of their prosecutions.

The petitions first allege that the ordinance, both facially and as applied, violates the provisions of Article I, §§ 3, 8, 16, 17, 19, 26, 28, and 29 of the Texas Constitution. As a factual basis for their "as applied" claims, Woodall and Coutta allege that every adult

entertainment business in El Paso would be required to move in order to comply with the ordinance, and that there is an insufficient number of locations for all of these businesses to have a reasonable opportunity to open and operate, and to disseminate material protected by Article I, § 8.[1] They further allege that the City of El Paso, its mayor, elected representatives, and counsel, have unlawfully, in violation of TEX.PENAL CODE ANN. § 36.02 (Vernon 1994) (bribery), entered into an agreement with other operators of adult entertainment businesses to refrain from prosecuting those particular operators. They argue that: (1) because they are not among the operators selected for non-prosecution, their right to equal protection under the Texas Constitution has been violated (Article I, § 3); (2) since their businesses were in existence and operating prior to the passage of this ordinance, it constitutes a bill of attainder and an *ex post facto* or retroactive law (Article I, § 16); (3) since their property has no other utility, the function of the ordinance in prohibiting their operation at the present location constitutes a taking of property for public use without just compensation (Article I, § 17); and (4) the City's conduct in permitting certain operators to continue at their present locations in exchange for a monetary reward to the City is an unconstitutional suspension of the ordinance (Article I, § 28), constitutes an unlawful and irrevocable grant of special privileges or immunities (Article I, § 17), and impermissibly grants a monopoly to certain operators (Article I, § 26). Finally, Woodall and Coutta generally allege that the City's conduct violates other unspecified provisions of the Bill of Rights.

Also on April 11, Respondent entered an order granting Woodall's and Coutta's applications for writ of habeas corpus, set both habeas proceedings for an evidentiary hearing to be held on June 7, and by the entry of separate orders stayed any proceedings in the underlying municipal prosecutions. On June 3, Woodall and Coutta obtained a subpoena duces tecum directed at several city officials and employees[2] which required them to bring records, memoranda, notes and any other documents pertaining to a lawsuit styled *El Paso Entertainment, Inc. v. The City of El Paso, TX.* which is apparently pending in federal district court, as well as orders or instructions relating to enforcement of the Adult Entertainment Ordinance.

The City filed a motion for leave to file and petition for writ of mandamus and prohibition in this Court on June 5. We granted leave to file petition for writ of mandamus and stayed the habeas corpus proceedings.

### STANDING

■ Before reaching the merits of this proceeding, we must address Respondent's challenge to the City's standing to seek mandamus relief. To seek mandamus relief, a relator must demonstrate that he has a justiciable interest in the underlying controversy. *Terrazas v. Ramirez,* 829 S.W.2d 712, 723 (Tex.1991); *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984); *Mitchell v. Dixon,* 140 Tex. 520, 168 S.W.2d 654, 656 (1943). Respondent argues that the City lacks standing because it is not a party to the underlying municipal court prosecutions and habeas corpus proceedings. He further argues that only the 34th Judicial District Attorney may lawfully represent the State in those proceedings. The City responds that it has a justiciable interest because the habeas proceedings below concern the validity of a city ordinance and the City's ability to enforce its ordinance. We agree with the City.

### *The Prosecutions in Municipal Court*

■ We consider first the arguments that the City is not a party to the municipal prosecutions of Woodall and Coutta and that it is the District Attorney who must represent the State in those cases. In making this

---

1. Woodall and Coutta failed to prevail in a civil suit against the City based upon this same allegation. *Woodall v. City of El Paso,* 49 F.3d 1120 (5th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 516, 133 L.Ed.2d 425 (1995).

2. The subpoena is directed to Mayor Larry Francis, City Attorney David Caylor, City Zoning Offi-

cers Terry Williams and William Bennett, El Paso Police Department Vice Squad Commander Art Flores, Assistant Vice Squad Commander Armando Nava, and the Custodian of El Paso Police Department Records.

argument, Respondent attaches particular significance to the style of the complaints filed against Woodall and Coutta: "The State of Texas v. Phyllis Woodall" and "The State of Texas v. Jeannie Coutta." We do not find it unusual that the complaints are styled in this manner inasmuch as Section 30.043(a) of the Government Code provides that proceedings in El Paso municipal courts of record must be brought in the name of the State of Texas. TEX.GOV'T CODE ANN. § 30.043(a) (Vernon 1988) (proceedings in municipal courts of record must be commenced by a complaint that begins: "In the name and by authority of the State of Texas" and concludes: "Against the peace and dignity of the State of Texas"); see TEX.CODE CRIM.PROC. ANN. art. 45.01 (Vernon Supp.1996) (proceedings in a municipal court shall be commenced by complaint, which shall begin: "In the name and by authority of the State of Texas;" and shall conclude: "Against the peace and dignity of the State;" and if the offense is only covered by an ordinance, it may also conclude: "Contrary to the said ordinance"). Although the cases are styled in this manner, the State is only a nominal party, and it is the City that is the real party in interest.[3] See OP.TEX.ATT'Y GEN. MW–52 (1979); OP. TEX.ATT'Y GEN. V–1147 (1951), citing Howth v. Greer, 40 Tex.Civ.App. 552, 90 S.W. 211 (1905, writ ref'd). Therefore, the City is a party to these prosecutions.

■■■ Respondent cites no authority for his assertion that the District Attorney rather than the City Attorney is required to prosecute these cases. The City Attorney of El Paso is required generally by the Code of Criminal Procedure and specifically by a provision contained in the El Paso Courts Act to conduct all prosecutions in the municipal courts of El Paso. TEX.CODE CRIM.PROC.ANN. art. 45.03 (all prosecutions in a municipal court shall be conducted by the city attorney of such city, town, or village, or by his deputy); TEX.GOV'T CODE ANN. § 30.042 (the city attorney or his assistant shall conduct all prosecutions in the municipal courts of record). While Section 45.03 of the Code of Criminal Procedure *permits* a county attorney to represent the State in municipal prosecutions, *if he so desires*, his participation is not required. TEX.CODE CRIM.PROC.ANN. art. 45.03; see TEX.CODE CRIM.PROC.ANN. art. 2.02 (Vernon Supp.1996). Further, a county attorney has no duty to prosecute in municipal court where, as here, the offense charged is a violation of a city ordinance only and does not involve a state penal statute. OP.TEX. ATT'Y GEN. No. V–1147 (1951).[4] Accordingly, we conclude that the City Attorney is not only authorized but is required to conduct these municipal court prosecutions.

### Participation in the Habeas Proceedings

Citing *Gibson v. State*, 921 S.W.2d 747 (Tex.App.—El Paso 1996, pet. filed) and Article 2.01 of the Code of Criminal Procedure, Respondent next argues that the District Attorney's Office is the "only entity which

---

3. We pause here to note the semantic difficulties created by the posture of the standing arguments. TEX.R.APP.P. 121(a)(2)(B) provides that in a mandamus proceeding such as the one before us, if a judge is named as a respondent, the petition shall disclose the name of the real party in interest or the party whose interest would be directly affected by the proceeding. Here, the real parties in interest as contemplated by the rules are the adult business operators. In resolving the standing inquiry, we must analyze the respective roles of the District Attorney and the City Attorney with regard to the habeas proceedings below. While we have described the role of the State as a nominal party and contrast the role of the City as the real party in interest, these designations pertain to the issue of which entity is the proper party in the enforcement of municipal ordinances rather than to the customary nomenclature of mandamus proceedings. In that context, the State is a nominal party to the en-

forcement of the ordinances, while the City is the primary party, or "real party in interest."

4. The El Paso County Attorney's authority to prosecute criminal cases is limited to the prosecution of misdemeanors that relate to health and environmental matters and to the prosecution of misdemeanors under Section 32.42 of the Penal Code. TEX.GOV'T CODE ANN. § 45.171(b) (Vernon Supp.1996). He may also, at the request of the district attorney, assist the district attorney in criminal cases in El Paso County. TEX.GOV'T CODE ANN. § 45.171(c). The district attorney for the 34th Judicial District represents the state in all criminal cases pending in the inferior courts having jurisdiction in El Paso County. TEX.GOV'T CODE ANN. § 43.120(c). Thus, it appears that the district attorney could, in the exercise of his prosecutorial discretion, participate in the municipal court prosecutions, but as stated above, he has no duty to do so.

can lawfully represent the State of Texas ..." in the habeas proceedings. This argument fails for several reasons.

Article 2.01 provides, in pertinent part, that:

> When any criminal proceeding is had ... before a judge upon habeas corpus, *and [the district attorney] is notified of the same,* and is at the time within his district, he shall represent the State therein, unless prevented by other official duties. [Emphasis added].

TEX.CODE CRIM.PROC.ANN. art. 2.01 (Vernon Supp.1996).

Thus, in order for this duty to exist, the district attorney must first be notified of the habeas corpus proceeding. There is no evidence in the record before us that Respondent or the real parties in interest notified the District Attorney's Office of the habeas proceedings below by service of a copy of each petition for writ of habeas corpus. Under these circumstances, Article 2.01 does not compel the District Attorney's participation in the habeas proceedings below.

Likewise, our recent decision in *Gibson* [5] does not support Respondent's argument that only the District Attorney may represent the interests of the State in the habeas proceedings. In *Gibson,* the applicant brought a writ of habeas corpus in the district court pursuant to Chapter 11 of the Texas Code of Criminal Procedure in which he alleged that the Sheriff of El Paso County unlawfully restrained his liberty by requiring him to walk through a magnetometer and to pass his belongings through an "X-ray" machine whenever he entered the El Paso County Courthouse. *Gibson,* 921 S.W.2d at 751–52. Gibson argued that this procedure subjected him to an unlawful arrest and restraint each time he came into the courthouse. *Id.* at 752. The district court denied habeas relief and Gibson appealed. The 34th District Attorney's Office appeared on behalf of the State and filed a brief on appeal. In response to Gibson's argument that the District Attorney's Office could not participate

in the habeas proceeding and subsequent appeal, we determined that the District Attorney had a duty pursuant to Article 2.01 to represent the State in that habeas proceeding since Gibson specifically brought the writ pursuant to Chapter 11 of the Code of Criminal Procedure. *Id.* at 753. By virtue of its appearance in the habeas proceeding and subsequent appeal, the District Attorney had obviously been notified of the pendency of that habeas proceeding.

Further, even if the District Attorney had received notice of the habeas proceedings below and had actually appeared on behalf of the State therein, that fact would not preclude participation by the City Attorney on behalf of the City. We did not hold in *Gibson,* nor do we read Article 2.01 as providing, that the District Attorney's representation of the State in a habeas proceeding is to the exclusion of all others. Furthermore, we are reluctant to hold that the City Attorney charged by law with conducting these municipal prosecutions may be effectively removed from representing the interests of the City by the filing of a habeas action in the county court at law or a district court. We conclude that the City is a real party in interest in the habeas proceedings and the City Attorney may properly represent the City's interests therein.

### The City's Justiciable Interest

We will now consider the City's argument that its interest in enforcing the Adult Entertainment Ordinance is sufficient to confer standing upon it. The Texas Local Government Code generally provides for the enforcement of municipal ordinances by the municipality. TEX.LOCAL GOV'T CODE ANN. § 54.001 (Vernon 1988 and Vernon Supp. 1996). The City has an obvious interest in the validity of its ordinance and in its ability to enforce it. The issue of standing is somewhat complicated due to the nature of the underlying prosecutions which involve only a municipal ordinance and not a state penal statute. Though these prosecutions are brought in the name of the State, the State is

---

5. The applicant in *Gibson v. State* was Michael Gibson, who appears in this proceeding as the attorney for the real parties in interest.

not the real party in interest; rather it is but a nominal party. *See* Op.Tex.Att'y Gen. MW–52 (1979); Op.Tex.Att'y Gen. V–1147 (1951), *citing Howth v. Greer,* 40 Tex.Civ. App. 552, 90 S.W. 211 (1905, writ ref'd). The real party in interest in such a prosecution is the City. Accordingly, we conclude that the City has standing to seek mandamus relief.

### THE MERITS

▇ To establish an entitlement to mandamus relief, a relator must satisfy two requirements: (1) there must be no adequate remedy at law to redress his alleged harm; and (2) the act sought to be compelled is purely ministerial, i.e., the relator must have a clear right to the relief sought. *Stotts v. Wisser,* 894 S.W.2d 366, 367 (Tex.Crim.App.1995); *Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Crim.App.1992); *Stearnes v. Clinton,* 780 S.W.2d 216, 219 (Tex.Crim.App.1989); *Bennett v. Paxson,* No. 08–96–00051–CR (Tex.App.—El Paso March 7, 1996, orig. proceeding). Failure to establish either requirement will result in the denial of relief.

### No Adequate Remedy at Law

▇ Respondent asserts that the City possesses an "indirect" remedy, in that the 34th District Attorney's Office may pursue a direct appeal of any adverse decision. This argument fails to recognize that the City's complaint is addressed to the exercise of habeas jurisdiction and the issuance of the writ of habeas corpus. Respondent does not cite, and we have been unable to find, any authority permitting an appeal from the decision to exercise jurisdiction or issue the writ. Likewise, if we denied mandamus relief as Respondent and the real parties in interest ask us to do, and Respondent proceeded to grant the habeas relief sought by Woodall and Coutta, no appeal could be taken from that decision. *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483 (Tex.Crim.App. 1995) (only the unsuccessful applicant for writ of habeas corpus is entitled to the right

of an appeal); *State ex rel. Holmes v. Klevenhagen,* 819 S.W.2d 539, 541 (Tex.Crim. App.1991) (mandamus was appropriate because the State had no adequate remedy at law, since it could not appeal an adverse ruling in a habeas proceeding); *State v. Gonzales,* 459 S.W.2d 947 (Tex.Civ.App.—San Antonio 1970, no pet.) (ordinarily, a respondent in a habeas corpus proceeding cannot appeal from a judgment discharging the applicant). Thus, the State may not pursue an appeal from an adverse decision in the habeas court. Furthermore, even if an appeal is available, Respondent does not explain how the remedy is adequate if the District Attorney chooses in the exercise of his prosecutorial discretion to decline to pursue an appeal. The alleged "indirect" remedy suggested by Respondent does not satisfy the requirement that it be an "adequate" remedy. We conclude the City has satisfied its burden of showing that it has no adequate remedy at law.

### Ministerial Duty

▇ The primary concern in deciphering whether an act is ministerial [6] is whether the respondent had the authority to do that which is the subject of the complaint. *State ex rel. Curry v. Bowman,* 885 S.W.2d 421, 423 (Tex.Crim.App.1993); *Stearnes,* 780 S.W.2d at 219, *citing State ex rel. Thomas v. Banner,* 724 S.W.2d 81, 83 (Tex.Crim.App. 1987). Mandamus relief may be granted if a judge acts without jurisdiction or authority. *Board of Pardons & Paroles ex rel. Keene,* 910 S.W.2d at 483; *State ex rel. Holmes v. Salinas,* 784 S.W.2d 421 (Tex.Crim.App. 1990); *State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47 (Tex.Crim.App.1987); *State ex rel. Thomas v. Banner,* 724 S.W.2d 81 (Tex.Crim. App.1987); *Whitsitt v. Ramsay,* 719 S.W.2d 333 (Tex.Crim.App.1986).

### Jurisdiction

▇ The City first argues that Respondent does not have jurisdiction to issue a writ

---

6. A "ministerial" act is also described as one which is clearly compelled by the facts and legal authority extant in a given situation. *Buntion,* 827 S.W.2d at 947 n. 2. *See also State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 774 (Tex.

Crim.App.1994) (an act is ministerial when the law clearly spells out the duty to be performed with such certainty that nothing is left to the exercise of discretion or judgment).

of habeas corpus in connection with a municipal prosecution and the real parties in interest are required to file an application for writ of habeas corpus in the municipal courts. We disagree.

Section 25.0732(a) of the Government Code provides:

> In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a county court at law in El Paso County has the jurisdiction provided by the constitution and by general law for district courts.

TEX.GOV'T CODE ANN. § 25.0732(a) (Vernon 1988).

Section 25.0004 provides for the powers and duties of a statutory county court:

> (a) A statutory county court or its judge may issue writs of injunction, mandamus, sequestration, attachment, garnishment, certiorari, supersedeas, and all writs necessary for the enforcement of the jurisdiction of the court. *It may issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the court or any court of inferior jurisdiction in the county.* [Emphasis added].

TEX.GOV'T CODE ANN. § 25.0004(a). Because the El Paso Municipal Courts are courts of inferior jurisdiction in El Paso County, the County Court at Law generally has jurisdiction to issue the writ of habeas corpus in connection with municipal court prosecutions.

■ Likewise, we find no merit in the City's argument that Woodall and Coutta are required to file their applications for writ of habeas corpus in the courts in which their prosecutions are pending since the municipal courts have exclusive jurisdiction of all criminal cases arising under the ordinances of the city and those courts have jurisdiction to issue writs of habeas corpus in cases in which the offense charged is within the jurisdiction of the court. TEX.GOV'T CODE ANN. § 30.035(a); TEX.GOV'T CODE ANN. § 30.036. Simply because the municipal court has jurisdiction of a case and possesses writ power, it does not follow that only the municipal court can grant an applicant habeas corpus relief. The judge of a statutory county court is empowered to issue a writ of habeas corpus

in connection with a municipal prosecution. *See* TEX.GOV'T CODE ANN. § 25.0004. *See Ex parte Williams,* 786 S.W.2d 781, 782 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (applicant could challenge his confinement by filing application for writ of habeas corpus in district court even though county court had jurisdiction of pending criminal case); *Von Kolb v. Koehler,* 609 S.W.2d 654, 656 (Tex. Civ.App.—El Paso 1980, orig. proceeding) (both district and county courts have jurisdiction to issue writs of habeas corpus even though criminal proceeding under attack is a misdemeanor); *see also Ex parte Carswell,* 395 S.W.2d 47 (Tex.Crim.App.1965) (any district judge or judge of a county court, as well as any judge of the Court of Criminal Appeals, has jurisdiction to issue the writ, grant the relief sought and order the release of the petitioner from confinement under *capias pro fine* following conviction in corporation court for violation of an ordinance). We conclude that Respondent has jurisdiction to act upon an application for writ of habeas corpus and grant relief despite the fact that it arises from a municipal prosecution.

### Authority

Our determination that Respondent did not exceed his jurisdiction in entertaining the applications or issuing the writs of habeas corpus is not, however, dispositive of whether he had authority to do so in these particular cases. The City asserts that Respondent had no discretion to issue the writs because Woodall and Coutta are not confined or restrained and they have an adequate remedy at law.

### Restraint or Confinement

We turn first to the City's argument that Respondent lacked the authority or the discretion to issue the writs since Woodall and Coutta did not sufficiently allege or establish in their applications that they were confined or restrained at the time of the filing of the writ applications. Respondent and the real parties in interest have not addressed this argument in their responsive brief, but Woodall and Coutta previously asserted in their unsworn response to the motion for leave to file that they are restrained because "they

are subject to orders of the municipal courts in some cases and on bond in others."

The writ of habeas corpus lies only where the applicant is actually restrained or deprived of liberty. *Ex parte Benavides,* 801 S.W.2d 535, 537 (Tex.App.—Houston [1st Dist.] 1990, pet. dism'd w.o.j.), *citing Ex parte Beamer,* 116 Tex. 39, 285 S.W. 255, 256 (1926); Tex.Code Crim.Proc. Ann. arts. 11.01 & 11.22 (Vernon 1977). The Code of Criminal Procedure requires that the petition substantially state that the person for whose benefit the application is made is illegally restrained in her liberty. Tex.Code Crim.Proc.Ann. art. 11.14(1). It further requires that when the party is confined or restrained by virtue of any writ, order, or process, or under color of either, a copy must be annexed to the petition, or it must be stated that a copy cannot be obtained. Tex. Code Crim.Proc.Ann. art. 11.14(1). An application for writ of habeas corpus must contain sworn allegations of fact rather than mere conclusions. *Ex parte Emmons,* 660 S.W.2d 106, 107 (Tex.Crim.App.1983), *citing Ex parte Young,* 418 S.W.2d 824 (Tex.Crim.App. 1967); *see* Tex.Code Crim.Proc.Ann. art. 11.14.

Woodall alleged the following in paragraphs I, II, and III of her petition:

I. Petitioner is illegally confined and restrained of her liberty pursuant to complaints filed in the Municipal Courts numbered 2 and 3 of the City of El Paso, Texas. Such complaints are styled 'THE STATE OF TEXAS vs. PHYLLIS WOODALL,' and bear the following cause numbers . . . .

II. Said prosecutions are the result of complaints filed against Petitioner for violations of the Adult Entertainment Ordinance of the City of El Paso, Texas. [Remainder of paragraph omitted]. .

III. Copies of complaints in each case are unavailable to Petitioner. A representative copy of said complaints is hereto attached and by reference made a part hereof.

Coutta made a similar allegation in paragraphs I, II, and III of her petition:

I. Petitioner is illegally confined and restrained of her liberty by virtue of a complaint filed in the Municipal Court No. 2 in and for the City of El Paso, Texas, entitled 'THE STATE OF TEXAS vs. JEANNIE COUTTA, No. 11–548–409.'

II. Said prosecution is the result of a complaint filed against Petitioner for violation of the Adult Entertainment Ordinance of the City of El Paso, Texas. [Remainder of paragraph omitted].

III. A copy of said complaint is unavailable to Petitioner. A representative copy of said complaint is hereto attached and by reference made a part hereof.

We conclude that the mere filing of a complaint in municipal court, without more, does not confine the defendant or restrain her liberty in any manner. *See Ex parte Calhoun,* 127 Tex. 54, 91 S.W.2d 1047, 1048 (1936) (a mere judgment of contempt will not justify the granting of a writ of habeas corpus). Thus, the bare allegation in the petition that the real parties in interest are restrained by virtue of the complaints does not demonstrate confinement or restraint under Article 11.14(2).

Woodall and Coutta asserted in their unsworn response to the City's motion for leave to file that "they are subject to orders of the municipal courts in some cases and on bond in others." If true, these allegations might be a sufficient showing of restraint for habeas corpus purposes. *See Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (petitioner was in custody for federal habeas corpus purposes despite the fact that he had been released on his own recognizance by the state court); *Ex parte Robinson,* 641 S.W.2d 552, 553–54 (Tex.Crim.App.1982) (a person who is subject to conditions of bond is restrained in his liberty within meaning of Article 11.01); *Ex parte Armes,* 582 S.W.2d 434, 436 (Tex.Crim.App.1979) (where witness had been ordered to post a $10,000 bond to insure his appearance, witness was under restraint for habeas corpus purposes); *Ex parte Trillo,* 540 S.W.2d 728, 731 (Tex.Crim.App.1976), *overruled on other grounds, Aguilar v. State,* 621 S.W.2d 781, 785 (Tex.Crim.App.1981) (probationer released on his own personal

bond is confined). However, these allegations of restraint were not contained in the petitions presented to Respondent. In the absence of a sufficient allegation of restraint, Respondent lacked the discretion to issue the writ of habeas corpus. *See Ex parte Crawford,* 506 S.W.2d 920, 921 (Tex.Civ.App.—Tyler 1974, orig. proceeding) (application for writ of habeas corpus filed in court of civil appeals did not show that the relator was, in fact, confined or restrained; therefore, court found application insufficient to show probable cause for the issuance of the writ); *see also Ex parte Benavides,* 801 S.W.2d at 537 (the writ of habeas corpus lies only where the applicant is actually restrained or deprived of liberty).

### Adequate Remedy at Law

■ While we have decided that Respondent lacked the discretion to issue the writs since the petitions failed to allege facts establishing restraint or confinement, we nevertheless address the City's remaining argument that habeas corpus does not lie because Woodall and Coutta have an adequate remedy at law. Not every alleged violation of a constitutional right may be challenged by pretrial habeas corpus. Habeas corpus is an extraordinary remedy that should not be used as a substitute for an appeal. *Ex parte Clore,* 690 S.W.2d 899, 900 (Tex.Crim.App. 1985); *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App.1978). Thus, an application for pretrial writ of habeas corpus should not be entertained where there is an adequate remedy by appeal after final judgment. *Ex parte Groves,* 571 S.W.2d at 890. A defendant may raise by pretrial habeas corpus claims concerning double jeopardy/collateral estoppel and bail, because if she were not allowed to do so, those protections would be effectively undermined. *Stephens v. State,* 806 S.W.2d 812 (Tex.Crim.App.1990) (double jeopardy claim), *citing Abney v. United States,* 431 U.S. 651, 660–61, 97 S.Ct. 2034, 2040–41, 52 L.Ed.2d 651 (1977); *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim. App.1982); *Ex parte Keller,* 595 S.W.2d 531, 532–33 (Tex.Crim.App.1980). On the other hand, a defendant may not use pretrial habeas corpus to assert her constitutional rights to a speedy trial or due process since an adequate remedy at law is accorded by appeal. *Ex parte Delbert,* 582 S.W.2d 145, 146 (Tex.Crim.App.1979); *Ex parte Gonzales,* 667 S.W.2d 932, 935 (Tex.App.—Austin 1984, pet. ref'd).

■ Ordinarily, when there is a valid statute or ordinance under which a prosecution may be brought, pretrial habeas corpus relief is not available to test the sufficiency of the complaint, information, or indictment. *Ex parte Ward,* 560 S.W.2d 660 (Tex.Crim. App.1978); *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App.1977); *Ex parte Mattox,* 683 S.W.2d 93, 95 (Tex.App.—Austin 1984), *pet. ref'd,* 685 S.W.2d 53 (Tex.Crim. App.1985). There are exceptions to this rule. A defendant may use pretrial habeas corpus to challenge an indictment that shows on its face that it is barred by limitations. *See Ex parte Ward,* 560 S.W.2d at 662 (challenge of tolling provision of Tex.Code Crim.Proc. art. 12.05); *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App.1977) (if the pleading, on its face, shows that the offense charged is barred by limitations, it may be challenged by pretrial writ of habeas corpus). A defendant may also challenge, under certain circumstances, the constitutionality of a statute upon which her prosecution is based. *See Ex parte Matthews,* 873 S.W.2d 40, 43 (Tex. Crim.App.1994) [challenge to constitutionality of tolling provision of Tex.Code Crim. Proc. art. 12.05(a) ]; *Ex parte Boetscher,* 812 S.W.2d 600, 604 (Tex.Crim.App.1991) (provision of criminal nonsupport statute enhancing punishment based solely on nonresident status challenged as violation of equal protection); *Ex parte Crisp,* 661 S.W.2d 944 (Tex. Crim.App.1983) (challenge to defective caption); *Ex parte Psaroudis,* 508 S.W.2d 390 (Tex.Crim.App.1974) (challenge to facial validity of statute); *Ex parte Meyer,* 172 Tex. Crim. 403, 357 S.W.2d 754 (1962) (claim that prosecution was based upon a void statute due to defective caption in Election Code act); *Ex parte Anderson,* 902 S.W.2d 695, 698 (Tex.App.—Austin 1995, pet. ref'd) (claim that penal statute is unconstitutionally void for vagueness); *Ex parte Luster,* 846 S.W.2d 928, 930 (Tex.App.—Fort Worth 1993, pet. ref'd) (claim that penal statute is unconstitutionally void for vagueness); *Ex parte*

*Guerrero,* 811 S.W.2d 726, 727 (Tex.App.—Corpus Christi 1991, no pet.) (claim that penal statute is unconstitutionally void for vagueness).

■ Citing *Ex parte Williams,* 786 S.W.2d 781 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) and *Von Kolb v. Koehler,* 609 S.W.2d 654 (Tex.Civ.App.—El Paso 1980, orig. proceeding), Respondent and the real parties in interest argue that the claims concerning selective prosecution and the other challenges to the constitutionality of the ordinance are cognizable in a pretrial habeas corpus proceeding. Neither case supports this argument. In *Ex parte Williams,* an appeal from denial of pretrial habeas relief, the First Court of Appeals reviewed the appellant's facial challenges to Section 46.02 of the Texas Penal Code (unlawfully carrying a weapon). Williams challenged Section 46.02 as facially unconstitutional in that it effectively regulated out of existence his right to bear arms, and that it proscribed conduct protected under the state constitutional right to bear arms in self-defense guaranteed by Article I, § 23 of the Texas Constitution. *Ex parte Williams,* 786 S.W.2d at 782. We do not dispute that a defendant may raise a facial challenge to a statute or ordinance by pretrial habeas corpus; here, however, Woodall and Coutta do not raise only facial challenges to the ordinance.

In *Von Kolb,* this Court conditionally granted the writ of mandamus to compel a district court to act upon an application for writ of habeas corpus attacking the constitutionality of a portion of Section 43.21 of the Penal Code. *Von Kolb,* 609 S.W.2d at 655–56. The nature of the applicant's challenge to Section 43.21 is not stated in the opinion. Consequently, *Von Kolb* does not support the argument that all of the claims raised by Woodall and Coutta may be presented in a pretrial habeas corpus proceeding.

### *Constitutionality Under Article I, § 8*

■ Woodall and Coutta assert that the ordinance is unconstitutional because it operates to deny them a reasonable opportunity to open and operate, and to disseminate material protected by Article I, § 8. The City argues that because this issue was litigated by these same parties and decided against Woodall and Coutta in *Woodall v. City of El Paso,* 49 F.3d 1120 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 516, 133 L.Ed.2d 425 (1995), they are barred from asserting this challenge in the municipal prosecutions or the habeas proceedings. We disagree.

■ The general rule is that a prior criminal proceeding does not automatically bar subsequent civil suits. The prior adjudication of an issue in a criminal matter is not *res judicata* or estoppel by judgment to a subsequent civil action involving that same fact issue. *State v. Benavidez,* 365 S.W.2d 638, 640 (Tex.1963) (forfeiture action); *State v. Narvaez,* 900 S.W.2d 846, 847–48 (Tex.App.—Corpus Christi 1995, no writ); *City of Houston v. Dillon,* 596 S.W.2d 212, 214 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (*res judicata* inappropriate in civil appeal after federal criminal acquittal). The reasons given for the rule include the difference between criminal and civil actions with respect to quantum of proof, different subject matter, different consequences, and a technical difference of defendants. *Narvaez,* 900 S.W.2d at 847, *quoting Benavidez,* 365 S.W.2d at 640. Although we are concerned in the instant case with the opposite situation, that is, a criminal proceeding following a civil proceeding, these are equally compelling reasons for declining to apply the doctrine of *res judicata.* While we conclude that Woodall and Coutta are not precluded from asserting the alleged invalidity of the ordinance as a defense to their criminal prosecutions merely because they failed to previously establish their cause of action for damages based upon the same alleged constitutional violation, this defensive issue is not a challenge to the facial validity of the ordinance and it may not be raised by pretrial habeas corpus. Accordingly, Respondent lacked the discretion to issue the writ of habeas corpus in connection with this issue.

### *Due Process Violation*

■ The real parties in interest next assert that since their property has no other utility, the function of the ordinance in prohibiting their operation at the present loca-

tion constitutes a taking of property for public use without just compensation in violation of Article I, § 17. This allegation, if true, does not invalidate the ordinance. Furthermore, the real parties in interest have an adequate remedy at law by presenting this claim in the trial courts. Consequently, it is not cognizable in a pretrial habeas proceeding, and the writ could not have issued on this basis.

### Selective Prosecution and Other Asserted Violations Arising From City's Conduct in Enforcing Ordinance

The petitions also allege several constitutional violations arising out of the City's enforcement of the ordinance. While selective prosecution, if proven, would certainly constitute a violation of the right to due process and equal protection of the law, it does not invalidate the ordinance.[7] Moreover, Woodall's and Coutta's rights to due process and equal protection of the law will not be undermined by requiring them to present these claims in the municipal courts. Neither *Ex parte Williams* or *Von Kolb* authorize utilization of pretrial habeas corpus to present these claims. The petitions further make a very general assertion that the City's conduct violates other unspecified provisions of the Bill of Rights. This contention is so conclusory as to be unreviewable. Because Woodall and Coutta have an adequate remedy by urging these complaints in the municipal courts and by appealing any denial thereof after final judgment, if convicted, Respondent lacked the discretion to issue the writs for the purpose of considering these issues.

### Facial Invalidity of Ordinance

▪▪▪▪ Finally, we consider whether Respondent exceeded his authority by issuing

the writ of habeas corpus on the basis of numerous challenges to the facial invalidity of the ordinance. Although Woodall and Coutta generally allege in their respective applications that the city ordinance is facially invalid under numerous provisions of the Texas Constitution, they set forth no specific arguments in support of these claims. While we agree that a facial challenge to an ordinance or statute may be made by means of pretrial habeas corpus, these contentions are so conclusory that they do not support the issuance of the writ of habeas corpus in either of the underlying cases. Therefore, Respondent lacked the discretion to issue the writ on the basis of these allegations.

▪▪▪ Woodall and Coutta contend with more specificity that the ordinance is an *ex post facto* law in violation of Article I, § 16 of the Texas Constitution. Because this facial challenge to the ordinance potentially affects the inherent validity of the prosecutions, we conclude that it may be raised by pretrial habeas corpus. *See Ieppert v. State,* 908 S.W.2d 217, 222 (Tex.Crim.App.1995) (concurring opinion, J. Baird) (a finding that a law is *ex post facto* will void a prosecution under that law; where a defendant is placed on trial for conduct which was not criminal at the time of its commission, the trial is fundamentally flawed because it violates our "concept of constitutional liberty" and no ameliorative action on the part of the trial judge can render the trial fair).

### CONCLUSION

Having determined that the City has established its entitlement to mandamus relief, the petition for the writ of mandamus is

---

7. To prevail on a selective prosecution challenge, a defendant must first make a *prima facie* showing that she has been singled out for prosecution while others similarly situated and committing the same acts have not. If a defendant crosses this threshold, she must then demonstrate that the government's discriminatory selection of her for prosecution has been invidious or in bad faith in that it rests upon such impermissible considerations as race, religion, or the desire to prevent her exercise of constitutional rights. *Covalt v. State,* 877 S.W.2d 445 (Tex.App.—Houston [1st Dist.] 1994, no pet.), *quoting United States v.*

*Greene,* 697 F.2d 1229, 1234 (5th Cir.1983). The State has broad discretion to determine the extent of prosecution, and can prosecute under any statute violated as long as it does not discriminate against any class of defendants. *Covalt,* 877 S.W.2d at 445; *Callaway v. State,* 818 S.W.2d 816, 838 (Tex.App.—Amarillo 1991, pet. ref'd). A purposeful discrimination will not be presumed, and a showing of clear discrimination in the enforcement of a statute must be made by the defendant. *Covalt,* 877 S.W.2d at 445, *citing Satterwhite v. State,* 726 S.W.2d 81, 84 (Tex. Crim.App.1986).

conditionally granted and Respondent is hereby ordered to vacate his orders issuing the writs of habeas corpus in cause numbers 860003991 and 860003992 as well as his orders staying the proceedings in the municipal courts, and he is further directed to enter an order denying each petition for writ of habeas corpus. The writ will not issue unless Respondent fails to comply with these directives.